ATLANTA AND CHARLOTTE AIR LINE RAILWAY vs. RAY.

[This case was brought forward from the last term, under §4271(a) et seq. of the Code.]

1. The object of section 3938 of the Code in limiting the service of a juror to four weeks in any one year is two-fold: first, to equalize the burden of jury duty; and second, to avoid the evil of "professional jurors;" and it should be strictly and energetically enforced for those purposes.

(a.) Although a juror may have served four weeks during a term of court which began in December, yet he would not thereby be disqualified from another week of service in the succeeding year, although at the same term, which continued into the new year. The prohibition is against service for more than four weeks in a year, which means a calendar year.

2. On the trial of an action for damages by an employé of a railroad against the company, based upon the insecure fastening of a stove in one of its cars, resulting in damage to the plaintiff, it was not error against the defendant to charge that it was not liable unless it "knew or should have had reason to know," that the stove was in an unsafe condition.

(a.) The duty rested on the company to properly select and superintend its operatives, its machinery, appliances and appointments of every sort used in its business. It was a guarantor that all reasonable and proper care had been and should be exercised in the performance of those duties, and its liabilities should be limited to a failure to meet its obligations in this respect.

3. If it was the duty of a flagman to make fires in the stove on one of the cars of a railroad company, which he did; and if there was a defect in the manner in which the stove was fastened, such as to make it unsafe to build a fire therein on account of the dangers incident to railroad travelling; and this was such an open and patent defect as he could have easily seen, but on account of his own negligence he carelessly overlooked it and failed to report it that it might be remedied, then he was guilty of contributing, by his own negligence and carelessness, to the injury which he received, and was therefore not entitled to recover.

4. A flagman on a railroad whose place was in the rear car when in motion, but who had duties which, on occasion, might call him to other parts of the train, having brought suit against the railroad company for an injury received while he was in another portion of the train, resulting from the overturning of a stove in the car where he was, it was necessary for him to show affirmatively that, at the time he was hurt, his duty required him to be at the place where the injury occurred.

(a.) That, by reason of the shock or the lapse of time, the plaintiff has

lost the memory which would enable him to establish this fact, is his misfortune, but does not vary the law.

February 27, 1883.

Railroads. Damages. Negligence. Master and Servant. Before Judge CLARK. City Court of Atlanta. December Term, 1881.

Reported in the decision.

HENRY HILLLER; L. J. WINN, for plaintiff in error.

HOPKINS & GLENN, for defendant.

CRAWFORD, Justice.

Samuel C. Ray, the defendant in error, was employed as a flagman by the Atlanta and Charlotte Air Line Railroad Company, to run on its passenger train from Atlanta, Georgia, to Charlotte, North Carolina, and back. Whilst so employed and engaged in its service, near Gaffney City, South Carolina, the train ran off, and the car in which he was riding was thrown down an embankment, and the stove, which had fire in it, turned over upon him, and he was severely injured.

He brought this suit to recover damages from the company, because of its negligence and carelessness in not having its stove in said car so securely fastened as to have prevented the injury which he received. He further alleged negligence in the company, in that it had a schedule for the train which was too fast for safety in the unsafe condition of its track, and that it was also otherwise negligent. The case, however, was tried upon the first ground only, and, saving a preliminary question, it is from that alone the exceptions spring which bring it up to this court.

1. The preliminary question arose in the selection of the jury to try the case. The defendant challenged one A. W. Hoffman, as being an incompetent juror, upon the

ground that he had already served four weeks at that term of the court, and was therefore disqualified under section 3938 of the Code, which declares that no person shall be allowed to serve as a traverse juror longer than that time in any one year.

The record shows that the juror was in the fifth week of his service at that term, which began in the month of December of the preceding year, and had then reached into the month of January of the succeeding year. The judge refused to sustain the challenge, and allowed the juror to serve. The law is that no person shall be compelled to serve as a grand or petit juror more than four weeks in any one year. Nor shall he be allowed to serve as a petit juror in the superior courts, or as a *tales* juror in any criminal case, or on any jury in other courts, more than four weeks in any one year. The legislature, in passing this law, intended to lighten and equalize the burden of jury duty upon the citizens, in the first place, and therefore granted this exemption, after the full performance of the service required. In the next place, it intended to exclude those who sought such service, and were known to bench and bar as " professional jurors," and who, from constant attendance upon the courts, had a pretty thorough knowledge of the important cases to be tried, and whose opinions, inclinations and prejudices were not unknown to others who had business and duties in the court. Hence this act was passed, declaring that they should not be allowed to serve longer than the time provided.

It is true that this is a statute which should be construed liberally, so that the evil complained of might be suppressed, and the remedy advanced. But this juror was only in the first week of his service for the year when he was challenged, and, as section 4 of the Code requires that, whenever the word year is used in the statutes, it shall be construed to mean calendar year, there was no error in allowing the juror to serve. We think, however, that this aw should be strictly and energetically enforced by the

judges in not allowing persons thus disqualified to serve. Whilst there are many men of good character and honest purpose who have availed themselves of the benefits derived from this service, yet it may be that all are not actuated by the best of motives. But, whether so or not, the law says that they shall not be allowed thus to serve, and this should be sufficient for the courts.

2. The case went to trial upon the merits, and, under the evidence and instructions of the court, the jury found for the plaintiff the sum of $6,500 for his damages. The defendant made a motion for a new trial, because of the errors committed by the court in the charge given, and in the refusal to charge certain written requests asked for by his counsel.

Out of the many questions brought up by the record, there are but two which go to the vitals of the case and necessary to be considered here. The judge below narrowed the issues to be tried by the jury to the question of negligence in the defendant, in not having the stove so securely fastened as to provide against such accidents as were incident to railroad traveling; and to the negligence of the plaintiff in being away from his post of duty at the time he was injured.

The great error alleged to have been committed by the judge in his charge, was in instructing the jury that "the company is bound to furnish safe machinery, equipments, appointments and everything of that sort necessary for the running of trains; and, therefore, I charge you that, in regard to the allegations of plaintiff as to this stove not being securely fastened, the placing of that stove there originally was the act of the company, and not the act of its servants, and hence, if you believe from the evidence that that stove, when it was originally put there, was not reasonably safe and secure to provide against accidents that were usual and known to be incident to transportation by the train, that the company would be liable for it, provided the company knew, or should have had reason to know, of the condi-

tion of the stove; and it is a question for you to say whether that stove originally was put there insecurely, for such purpose, and if it remained so up to the time of this accident, you have a right to hold the company responsible for whatever damage may have occurred from that stove."

Under our view of the law, we are of opinion that the judge did not err against the defendant in charging the jury that it was not liable, unless it " knew or should have had reason to know," that the stove was in an unsafe condition.　We think that the error committed in this connection was in not charging, as he should have done, that the duty of the defendant was to properly select and superintendent its operatives, its machinery, appliances and appointments of every sort used in its business.　That it was a guarantor that all reasonable and proper care had been, and should be, exercised in the performance of those duties, and its liability should be limited to a failure to meet its obligations in this respect.

3. Another error which we think was committed by the judge, and to which his attention was called by the 16th request of the defendant, was that, if it was the duty of the plaintiff to make fires in that stove, and he did so, and there was a defect in the manner in which it was fastened, such as to make it unsafe to fire it up on account of the dangers incident to railroad travelling, and this defect was open and patent, such as he could have easily seen, and yet, on account of his own negligence, he carelessly overlooked it, and failed to report it that it might have been remedied, then he was guilty of contributing, by his own negligence and carelessness, to the injury which he received, and was, therefore, not entitled to recover.　Cooley on Torts, 563; 54 *Ga.*, 509; 55 *Ib.*, 133, 279; 29 Conn., 548; 81 Penn. St. R., 366; 31 Mich., 429; 75 Ill., 106; 101 Mass., 50; 47 Miss., 404.

4. Again, we think that, under the decisions of this and the courts of other states, the judge should have instructed the jury that, the plaintiff being an employé of

the defendant, before he was entitled to recover it was necessary for him to have shown affirmatively that, at the time he was hurt, his duty required him to be at the place where the injury occurred. There is no dispute, as we gather it from the record, that his duties were those of a flagman, and that whilst the train was in motion his place was in the rear car, that he might discharge the duties of his position. It is however said, that he had other duties which, on occasion, might call him to other parts of the train. If this be admitted, then we have the fact that the proper place for the plaintiff was in the rear car, unless special duty called him to the front, and being hurt in that part of the car, he was bound to show that he was there in the discharge of such special duty. His own testimony fails, just at this important point, to show any occasion at that time, the cars being at full speed, for his presence near this stove. Not only this, but it is shown that he was there in a sitting posture on the arm of a passenger seat. Even if he had duties calling him there, he should have attended to them, and returned without delay, unless he chose to take the risk of an accident such as this without the liability of the defendant to answer therefor.

If the fact be that an emergency or duty required his presence in dangerous proximity to this stove, when, without such emergency or duty, his place, as he swears himself, was in the rear car, then he should show affirmatively the facts making the emergency or duty. This rule was clearly laid down in the case of the *Central Railroad vs. Sears*, 61 *Ga.*, 279. And if the plaintiff, by reason of the shock, or the lapse of time, has lost the memory which would enable him to establish this important fact, it is his great misfortune, but the law cannot bend to benefit the case of any suitor, by dispensing with the rules necessary to the rendition of a judgment in his favor. 56 *Ga.*, 588.

Whilst laying down the legal principles governing this case, it is to be remembered, that all the rules of procedure in the trial are such as are prescribed for our courts

in the ascertainment of facts. Hence, whether the defendant properly selected and superintended its operatives and agents, its machinery, appliances and appointments of every sort used in its business; and whether all reasonable and proper care had been exercised in the performance of these duties, so as to meet its obligations; and whether the plaintiff, on his part, had properly discharged his duties and obligations to the defendant by obedience to its orders, or was there any omission of duty on his part in failing to notice and report any defect in the fastening of the stove, which may have been open and patent, are all questions of negligence, to be settled by the jury under the instructions of the court, and to be gathered not only from the testimony of the plaintiff, and the agents of the defendant, but from all the facts and circumstances of the case as shown by the proof.

Judgment reversed.