## NORRIS *v.* AMERICAN RAILWAY EXPRESS COMPANY.

The petition fails to set out a cause of action. It shows that the plaintiff had an equal opportunity with the master of knowing, and by the exercise of ordinary care could have known, how the truck was loaded and whether the side-rails or any of them were missing. The petition alleges that the plaintiff was ordered to ride on the truck and deliver express packages to consignees. Construing this allegation most strongly against the pleader, and in the absence of an averment to the contrary, the only fair and legal construction of it is that the plaintiff was ordered to ride on the truck in the place provided for such employees, which would be on the seat and not in the place where the packages were carried. The allegation that the master knew or ought to have known of the defect is not sufficient to charge him with knowledge that the plaintiff would ride on the truck in the way that he did. It was not sufficient to charge it with negligence under the circumstances alleged in the petition. The court did not err in sustaining the general demurrer.

No. 3432. JULY 26, 1923.

Equitable petition. Before Judge Bell. Fulton superior court. June 7, 1922.

The petition prayed that a verdict and judgment previously rendered in favor of Norris against the defendant company, in the city court of Atlanta, alleged to have been for a nominal sum, be set aside, and that he have judgment for the amount of damages alleged to have been sustained by him. Error is assigned upon a judgment sustaining a general demurrer and dismissing the petition. Counsel for defendant, in their brief, concede that the allegations of the petition with respect to setting aside the judgment are sufficient if the petition as a whole sets out a cause of action as to the liability of the defendant for the injury. The allegations of the petition with respect to the injury are, in substance, as fol-

lows: On June 24, 1920, Norris, an infant 16 years old, while in the employment of defendant as helper on its delivery-truck, was instructed by defendant to ride upon a gasoline motor-truck and deliver packages: The truck was equipped with side-rails, racks, or guards, which could be removed in sections of about five feet in length. On the occasion mentioned the left-hand rear rail, rack, or guard had, without the knowledge of petitioner, been removed and was missing, leaving an opening of above five feet at the rear part of the body of the truck; and this fact was known or should have been known to defendant. At the time of starting out the truck was heavily loaded with express packages in such a manner that the fact that the rail, rack, or guard was missing could not be detected by ordinary observation or inspection. Petitioner did not have equal means with the defendant of knowing of this defect, because the truck was loaded by direction of defendant, which knew that the guard was missing, and petitioner had no part in loading the truck. While the truck was proceeding in a southerly direction on Forsyth Street, the driver suddenly and without warning turned and swung the truck out of its course in order to pass a street-car which was going in the same direction; and when the truck had reached a position in advance of the street-car, the driver swung the truck suddenly and without warning back upon the street-car rails ahead of said street-car. Forsyth Street at said point was rough and had deep holes over which the truck passed in going around the street-car. In attempting to pass the street-car the truck was moving at a speed of twenty-five miles per hour. At the time the driver was attempting to pass the street-car Norris had hold of certain packages in attempting to prevent them from falling from the truck. The jerk and jar and sudden swing and turn of the truck around the street-car caused Norris to lose his hold, and pitched and threw him to the left rear side of said truck and through the opening left by the missing rail, rack, or guard, his head striking the pavement, fracturing his skull and otherwise injuring him.

The petition charged that the defendant was negligent in the following particulars: (a) in furnishing Norris an unsafe and dangerous place to work, in that the truck with the missing rail, rack, or guard was an unsafe place; (b) in that said driver at the time of the injury was driving the truck at a point within the

inner fire limits of the City of Atlanta, at a rate of speed greater than twelve miles per hour, in violation of a city ordinance; (*c*) in that the driver of the truck, at the time of the injury, was violating section 828 (e) of the Code of Georgia; that the truck was not being operated by the driver at a reasonable and proper rate of speed; that he did not have due regard for the traffic and use of the street upon which he was running the truck; that he operated it in a manner that endangered the life and limb of persons and the safety of property; and that upon approaching and crossing the street-car or railroad-tracks on Forsyth Street he did not have said machine under control, and he was operating it at a speed greater than six miles per hour; (*d*) in that the driver of the truck was driving at a rate of speed which was dangerous and reckless in view of the condition of the truck, the position of Norris, and the broken or missing rail, rack, or guard; (*f*) in that the driver failed to warn Norris of his intention to suddenly swing around the street-car; (*g*) in that the defendant directed Norris to ride upon the truck with the missing rail, rack, or guard. The petition also alleges that petitioner's earning capacity at the time of the injury was $122.64 per month; that but for the injury he would have been capable of earning, at the time of filing the suit, $150.00 per month; that his injuries are permanent, and his earning capacity has been destroyed thereby.

The grounds of demurrer are: (*a*) the petition does not set forth a cause of action; (*b*) it shows on its face that the injuries complained of were caused by the negligent acts of a fellow servant, and that petitioner assumed the risk incident to riding upon the truck.

*John S. Highsmith,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

GILBERT, J. The Civil Code (1910), § 3129, declares: "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." One ground of the demurrer is that the petition shows that the proximate cause of the injury was the negligence of a fellow servant. The petition alleges, however, that, notwithstanding the concurrent negligence of the fellow servant, the injury would not have occurred had the master not been guilty of negligence, and that the master's negli-

gence was the proximate cause of the injury. "If the master is guilty of negligence proximately causing the injury, he would not be freed from liability. although the fellow servant may likewise have been negligent." *Williams* v. *Garbutt Lumber Co.*, 132 *Ga.* 221, at p. 234 (64 S. E. 65). "The negligence of a fellow servant does not relieve the master from liability to a coservant for an injury which would not have happened had the master not been negligent himself." *Loveless* v. *Standard Gold Mining Co.*, 116 *Ga.* 427 (42 S. E. 741, 59 L. R. A. 596). "In determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrong-doer as likely to flow from his act." *Southern Railway Co.* v. *Webb*, 116 *Ga.* 156 (42 S. E. 397, 59 L. R. A. 109). In that case Mr. Justice Cobb, in an elaborate opinion, continued as follows: "The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended. The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrong-doer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

The sufficiency of the petition in the present case is to be measured by the rule that it must be alleged that the negligence of the master was the proximate cause of the injury, and that the injury must be the natural and probable consequence of such negligence, and that the consequences, under all the circumstances, might and ought to have been foreseen by the master as likely to follow from his act. The same principle based upon the above authority was announced in *Terry Shipbuilding Corporation* v. *Griffian*, 153 *Ga.* 390 (112 S. E. 374). "The master is bound to exercise ordinary care in furnishing the servant a safe place in which to work. The servant must exercise like care in discovering any defects therein." *Chenall* v. *Palmer Brick Co.*, 117 *Ga.* 106 (4) (43 S. E. 443). "For a failure to discharge such duty the

master is liable to the servant for injuries caused thereby; and this is true though the injuries result from the concurrent negligence of the master and a fellow servant of the one injured, where the injury could not have been sustained but for the failure of the master to perform such duty." *Jackson* v. *Merchants & Miners Transportation Co.*, 118 *Ga.* 651 (45 S. E. 254). Parenthetically, it should be stated that the expression " reasonably safe place to work," sometimes used in describing the duty of the master, is inapt. The rule is as stated in the Code and in the *Chenall* case. The petition alleges that in this respect the master was negligent, that is, that the truck was loaded under the direction of the master, and that the negligence consisted in the leaving off of the side-rail or guard, and that this fact was known to the master, or ought to have been known. The parties to this case treat it on the theory that a motor-truck, used as alleged, may be classified as a " place to work" rather than as an instrumentality. The same principles of law apply (*Atlantic R. Co.* v. *Reynolds,* 117 *Ga.* 47, top of page 53, 43 S. E. 456), and it is not necessary to decide whether that theory is in fact correct. " The general rule of law declaring the duty of a master in regard to furnishing a servant a safe place to work is usually applied to a permanent place, or one which is quasi permanent. It does not apply to such places as are constantly shifting and being transformed as a direct result of the servant's labor, and where the work in its progress necessarily changes the character for safety of the place in which it is performed, as it progresses." *Holland* v. *Durham Coal & Coke Co.*, 131 *Ga.* 715 (63 S. E. 290). Does the motor-truck come within the definition of a " place to work," as usually applied? Or is it constantly changing? This question also need not be decided in the present case, because the petition is insufficient for reasons hereinafter shown.

The Civil Code (1910), § 3131, provides: " A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by the preceding section, it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant . . did not know

and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." The petition alleges that the plaintiff did not know that the rail or guard had been removed and was missing, and that this fact " could not be detected by ordinary observation or inspection, and that the petitioner did not have equal means with the defendant of knowing the same." " While a servant is bound to observe open and obvious defects and dangers, and such as would be disclosed by the exercise of ordinary care, he has the right to assume that his master has used due care to furnish him with reasonably safe and suitable tools, appliances, places for work, etc., and is under no obligation to inspect them in order to discover latent defects not open to ordinary observation." 26 Cyc. 1252; 18 R. C. L. 642, 687; 4 Labatt on Master & Servant, 3798, § 1330. . " The rule of respondeat superior rests upon the assumption that the employer has a better and more comprehensive knowledge than the employee, and therefore ceases to be applicable where the employee's means of knowledge of the danger to be incurred is equal to that of the employer." *Williams* v. *Garbutt Co.,* 132 *Ga.* (supra), bottom of p. 226; Civil Code (1910), § 3131. In 3 Labatt on Master & Servant, 3346, § 1227, in discussing the question of the care required of the servant in performing his duties, the author says: " It is apparent, therefore, that from the earliest period in the development of this branch of the law, it has been recognized that the right of a servant to maintain an action against a master for personal injury is conditioned upon its being shown that the former did not contribute to his injury by his own want of care. In other words, a servant injured as the result of his own negligence, in whole or in part, cannot recover from his master." *Jackson* v. *Merchants & Miners Transportation Co.,* 118 *Ga.* 654 (supra); *Freeman* v. *Savannah Electric Co.,* 130 *Ga.* 452 (60 S. E. 1042); *King* v. *Donalson Oil Mill,* 141 *Ga.* 46 (2) (80 S. E..290). There can be no liability where there has been no breach of duty.

The petition does not in terms allege that the plaintiff at the time of the injury, or while on the truck, exercised ordinary care to protect himself from the dangers incident to his work. He does not in terms allege that he exercised ordinary care to determine for himself whether the truck after being loaded constituted a

safe place for him to work. He does allege, that, " at the time he
got on said truck and started out with it, it was heavily loaded
with express packages and in such a manner that the fact that
the rail, rack, or guard was missing could not be detected by
ordinary observation or inspection," and that this fact was un-
known to petitioner. The law requires that the servant exercise
ordinary care to determine this fact for himself, or show that the
exercise of ordinary care would not have disclosed the fact, before
the master is liable. Civil Code (1910), § 3131; *Southern Cotton
Oil Co.* v. *Skipper,* 125 *Ga.* 368 (2) (54 S. E. 110). We now
examine the petition to determine whether it shows that the plain-
tiff, the injured servant, exercised the degree of care for his own
protection required by law. As stated above, he was only required
to exercise ordinary care to determine for himself whether the
place on the truck assigned to him was a safe place to work. He
was required to exercise the same degree of care while on the truck
in the discharge of his duty. We have also said above that he was
not required to examine for latent or hidden defects such as could
not be discovered by ordinary care. The petition alleges that the
defect could not be discovered by ordinary observation or inspec-
tion. This allegation would be sufficient to withstand a general
demurrer, but the plaintiff alleged, as he should have done, the
facts upon which the conclusion was stated. Mere conclusions add
nothing to the facts alleged. *Thomas* v. *Georgia Granite Co.,* 140
*Ga.* 460 (79 S. E. 130); *Bell* v. *Elrod,* 150 *Ga.* 709, 713 (105 S.
E. 241). The facts are, briefly, that an automobile truck used by
the defendant company was loaded by direction of the defendant
corporation; that it was heavily loaded with express packages, and
plaintiff was ordered to ride thereon for the purpose of delivering
packages. The facts alleged must be considered, under well-estab-
lished rules of law, in properly construing the allegations of the
petition based thereon. Automobile trucks are in common use.
They are familiar objects in commerce for the transportation of
such articles as are handled by the defendant corporation. It is
a matter of common knowledge that one standing upon the ground
may readily see and observe the outside of an automobile truck,
and by passing around the same all exterior parts are fully open
to view. It is well known that it requires no skill or experience
to observe these facts. They may be readily seen by youths as well

as adults, provided only that the outside of the truck is not concealed by overhanging obstacles. To allege that the truck was heavily loaded, construed, as it must be, most strongly against the pleader, does not amount to an allegation that the truck was so loaded that the outside was obscured from view by overhanging obstacles. It necessarily follows that the allegations of the plaintiff's petition do not negative the fact that the only act of diligence necessary for a full disclosure of the fact that the guard or rail was missing was to walk around the truck and observe the two sides. This would have been, under the facts alleged, sufficient to apprise the plaintiff fully of the fact, and it would have placed him upon an equal footing with the master in regard to the defect. Thus construed, as it must be, the petition showed that the plaintiff, by the exercise of ordinary care, could have known of the defect and that he entered upon the discharge of his duties voluntarily assuming the risk incident thereto.

The petition shows that the plaintiff had an equal opportunity with the master of knowing, and by the exercise of ordinary care could have known, how the truck was loaded and whether the siderails or any of them were missing. The petition alleges that the plaintiff was ordered to ride on the truck and deliver express packages to consignees. Construing this allegation most strongly against the pleader, and in the absence of an averment to the contrary, the only fair and legal construction of it is that the plaintiff was ordered to ride on the truck in the place provided for such employees, which would be on the seat and not in the place where the packages were carried. The allegation that the master knew or ought to have known of the defect is not sufficient to charge him with knowledge that the plaintiff would ride on the truck in the way he did. It was not sufficient to charge him with liability under the circumstances alleged in the petition. *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1030, 1036 (48 S. E. 438). " The duty of the master to furnish a safe place for the servant to work in is not absolute and unqualified. Some kinds of work are necessarily attended with dangers against which the master cannot by any degree of diligence provide. In such case, the law does not require of him impossibilities; but if, by exercising ordinary care, he can make safe the place wherein the servant is to labor, it is the master's duty to do so. In any given case the jury must determine

from the evidence what were the risks incident to the work in hand; and in arriving at a conclusion upon this subject, the ignorance or knowledge of the servant as to the existence of a defect, and, if he was ignorant, whether his ignorance was or was not due to his own negligence, are all matters for determination by the jury." *Southern Bauxite Co.* v. *Fuller,* 116 *Ga.* 695, 699 (43 S. E. 64). But, as was said in *Chenall* v. *Palmer Brick Co.,* supra, " while the master was not a guarantor, he was yet bound to exercise ordinary care in furnishing the servant a safe place in which to do his work, · ⸱ and could not escape his obligation by deputing such a duty to a fellow servant." In the present case the petition alleges that the truck was loaded under the direction of the master. The master being a corporation, it necessarily acted through its officers and agents. It must be assumed that orders to load the truck emanated from the proper authority. To whom were the orders directed, and by whom were they executed? This, the petition does not show. It necessarily must be inferred that the order to load the truck was executed by employees of the corporation. In the absence of any allegation showing what employees or servants executed the order, it must be inferred that those servants or employees of the company loaded the truck who had charge of it for the purpose of delivering the express packages. This would include the petitioner and other employees also engaged in the same work. This being true, it necessarily follows that the petitioner had an equal opportunity with the master of knowing whether the guard-rails were properly placed on the truck or negligently left off. The exercise of ordinary care by the petitioner would at least have disclosed the true facts. The master, in such circumstances, necessarily must derive its information from the employees. It had no other means of ascertaining the facts; and in this case if the information on that question came to the master, it must necessarily come through the petitioner and his fellow servant.

Moreover, if it constituted negligence to leave off the guard-rail and this negligence was the proximate cause of the injury, the negligence, in that case, consisted in the act of either the petitioner or his associate, or both, in leaving off the guard-rail. In neither event could the petitioner recover damages from the master. Under the allegations of the petition the defect was not

latent. It was in its nature an obvious defect, and the petition alleges no facts or circumstances to excuse the servant from not making the discovery. There are no such allegations as that it was dark, or that the employee was hurried or was in any manner prevented from exercising ordinary care, which would have disclosed the danger. Moreover, his daily experience must have acquainted him with the universally known fact that the operation of automobiles and trucks is beset with danger; that accidents due to rough streets, passing street-cars, crossing street-car tracks, exceeding speed limits, and the like, are constantly resulting. Wrecked motor machines and injured persons are daily observed on the streets and highways, and accounts of such are constantly seen in the columns of the newspapers. In such a case he could not recover even if the negligence of the master, due to the defect in the loading of the truck, was the proximate cause of the injury. Therefore the court did not err in sustaining the general demurrer to the petition. *Freeman* v. *Sav. Elec. Co.,* 130 *Ga.* 449, 452 (supra); *Crown Cotton Mills* v. *McNally,* 127 *Ga.* 404 (56 S. E. 452); *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (68 S. E. 483).

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*