# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## OCTOBER TERM, 1924

---

### OTIS ELEVATOR COMPANY v. ROGERS.

This case being for decision by the entire bench, and the Justices being evenly divided in opinion, the questions are remanded without instruction to the Court of Appeals.

No. 4082. OCTOBER 7, 1924.

Questions certified by Court of Appeals (Case No. 14482).

*Bryan & Middlebrooks, W. R. Tichenor,* and *J. C. Davis,* for plaintiff in error.

*Reuben R. & Lowry Arnold* and *E. C. Hill,* contra.

PER CURIAM. After very careful consideration of the questions propounded by the Court of Appeals, the Supreme Court is equally divided in opinion. Russell, C. J., Beck, P. J., and Gilbert, J., entertain the following views:

The determination of the first question submitted by the Court of Appeals is not altogether free from difficulty. We are of the opinion that a non-delegable duty of the master is to use ordinary care in providing his servant a safe place in which to work. This statement of the rule has found frequent expression in many decisions of this court. In *Atlanta & Charlotte Air-Line Ry. v. Ray,* 70 *Ga.* 674 (2a), it was said: "The duty rested on the company to properly select and superintend its operatives, its machinery, appliances, and appointments of every sort used in its business. It was a guarantor that all reasonable and proper care

had been exercised in the performance of those duties, and its liabilities should be limited to a failure to meet its obligations in this respect." It would seem that if a master had used ordinary care to make the place of work safe, he would in every case be relieved from liability. There is in fact but little substantial difference between providing a reasonably safe place to work and using reasonable diligence to make such a place safe. The rule laid down in *Middle Georgia & Atlantic R. Co.* v. *Barnett,* 104 *Ga.* 582 (30 S. E. 771), *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 108 (43 S. E. 443), and *Norris* v. *American Railway Express Co.,* 156 *Ga.* 150 (118 S. E. 686), is, in our opinion, correct. In some cases the rule has been stated by this court to be that it was the duty of the master to furnish a "reasonably safe place." Such is the ruling in *Jackson* v. *Merchants & Miners Transportation Co.,* 118 *Ga.* 651 (45 S. E. 254). In *Atlantic &c. Railroad* v. *Reynolds,* 117 *Ga.* 47 (43 S. E. 456), it was said that the master is held to only ordinary care in furnishing his servant "a reasonably safe place to work." In *Betts* v. *Hancock,* 139 *Ga.* 198 (77 S. E. 77), it was said that it was inaccurate for the court to instruct the jury that "it was the duty of the defendant in this case to have used in the transaction under investigation ordinary care and diligence, as I have defined it to you, in furnishing the plaintiff a safe place to work," but a new trial was not granted because of this instruction. The verbiage used by this court in passing upon this question has not always been precisely the same, but the lack of harmony has been more apparent than real.

The oldest ruling by this court precisely in point is that in the case of *Middle Georgia & Atlantic R. Co.* v. *Barnett,* supra, a full bench, unanimous decision, and should be adhered to. It followed in principle the case of *Atlanta & Charlotte Ry.* v. *Ray,* supra.

Whether or not the master is liable in any given case depends upon whether or not he has been derelict in the duty imposed upon him by law, to wit, the exercise of ordinary diligence. If he has been faithful to that duty, no liability can attach to him for any injury that may result. If he has failed in that duty, liability will attach. In order to determine whether he has been faithful or derelict, we must look to the standard of duty prescribed by law. In such a case as this the well-established rule in this State is that the master must exercise ordinary care, that is,

such care as every prudent man would exercise under the same circumstances. What every prudent man would do under the circumstances would vary according to the time, place, and conditions. "The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. Code [1882], § 2061. But the care of a prudent man varies according to circumstances dependent upon the degree of danger. . . 'What is the precise legal intent of the term "ordinary care" must, in the nature of things, depend upon the circumstances of each individual case. It is a relative and not an absolute term.'" *Central Railroad Co.* v. *Ryles,* 84 *Ga.* 430 (11 S. E. 499); 1 Hopkins' Personal Injuries (2d ed.), §§ 2, 87. The fixed standard of the law that the master shall furnish a safe place for the servant to work does not impose an absolute duty to furnish a safe place, but the duty is placed upon the master to make an effort to do so. As stated in 3 LaBatt on Master and Servant, 2410, § 907, "As the master is deemed to be culpable if he fails to exercise that degree of care which is denoted by one or other of the expressions used to describe the hypothetical conduct of a man of ordinary prudence, so, on the other hand, he is not required to satisfy any higher standard of diligence or skill than that which such a man may be supposed to exercise under the circumstances. *Any instruction is correct which embodies this principle.* [Italics ours.] On the other hand, it is a misdirection to charge the jury in language the effect of which is to subject the master to more extensive obligations than those indicated by the phrase 'ordinary care' or its equivalents." From the annotations on the subject in the work just quoted it is seen that the expressions are widely variant. Summing the whole subject up Mr. LaBatt has shown, in the quotation above in the sentence which we have italicized, that the real test is whether or not the master exercised ordinary care, that is, whether or not he has fulfilled the duty imposed upon him by law. See also LaBatt on Master and Servant, §§ .906, 907, 919, 920. Such is the rule adopted by this court in *Middle Georgia & Atlantic Ry. Co.* v. *Barnett,* supra, as follows: "It is well settled that a master is generally under a duty of providing his employee with a safe place in which to work. . . The duty of the master to furnish a safe place for the servant to work is not absolute and unqualified. Some kinds of work are necessarily attended with

dangers against which the master can not by any degree of diligence provide. In such case the law does not require of him impossibilities; but if, by exercising ordinary care, he can make safe the place wherein the servant is to labor, it is the master's duty to do so."

What we have said above is sufficient answer to questions two and three.

Atkinson, Hill, and Hines, JJ., are of the following opinion:

The question is, what is the duty of the master in furnishing a place of work for his servant? Must he furnish a safe place or a reasonably safe place? The question is, not what degree of care the master must exercise in the discharge of his duty in this respect, but what is the duty of the master in the premises? The duty of the master in the premises, and the degree of care which he must exercise in discharging his duty, are two separate and distinct things. If the duty of the master is to furnish a safe place in which to work, he relieves himself from liability for his failure to do so if he exercises reasonable care to furnish a safe place. If the duty of the master is to furnish a reasonably safe place, the master relieves himself from liability to furnish to the servant a reasonably safe place in which to work if he exercises reasonable diligence in furnishing a reasonably safe place. Thus the duty of the master, and the degree of care he must exercise in performing this duty, are separate and distinct things. To require the master to furnish a safe place imposes upon him a more onerous duty than that imposed by the true law. We think the true rule is this: "It is the duty of the master to exercise ordinary care and diligence to provide a reasonably safe place in which the servant is to work, considering the character of the work to be done." 9 Mich. Dig. 251, VI; 16 Mich. Dig. 266; 8 Mich. Sup. 442, and cases cited. The decisions of this court and of the Court of Appeals upon this subject are not harmonious. We think the duty of the master to furnish a proper place is the same as his duty to furnish proper machinery. As he is only required to furnish reasonably safe machinery (Civil Code of 1910, § 3130), so he is only required to furnish a reasonably safe place. In fact this court has applied the principle embodied in this section, in defining the duty of the master in furnishing a place in which his servant is to work.

To instruct the jury that it is the duty of the master to furnish a safe place, without qualification or limitation, is clearly erroneous, even if it were the duty of the master to furnish a safe place instead of a reasonably safe place. The master can always defend by showing that, regardless of whether he exercised ordinary care or not, he furnished to the servant a proper place in which to work. He can likewise defend by showing that he exercised ordinary care in furnishing a proper place in which his servant was to work, although in point of fact the place was not safe. The error in charging that the master was bound to furnish a safe place was not rendered harmless by the fact that coupled with this instruction was the further instruction that, before the plaintiff could recover, the failure of the master to furnish a safe place must be negligence. Under such instruction, the jury might well have inferred negligence from the mere failure of the master to furnish a safe place.

In answering the first and second questions of the Court of Appeals, we think it was error for the trial judge to charge the jury that it was the duty of the master to furnish a safe place in which the servant was to work; and we think the third question should be answered in the negative.