## WESTERN & ATLANTIC RAILROAD *v.* HETZEL, executrix.

No. 6839.  OCTOBER 5, 1929.

*Tye, Thomson & Tye, Henry C. Peeples,* and *Neel & Neel,* for plaintiff in error.

*Reuben R. & Lowry Arnold,* contra.

PER CURIAM.  The fourth assignment of error in the petition for certiorari is as follows:  "In the ground of the amendment of its motion for a new trial, numbered 11, the defendant alleged that the trial court erred in charging the jury as follows, and

especially in the last sentence thereof: 'This action is brought against the defendant on account of alleged negligence of the defendant, and is based upon a claim of negligence. Negligence is a failure to exercise legally required care. The defendant in this case was required to exercise ordinary care under all of the particulars as to which negligence is charged in the petition.' The said Court of Appeals held and decided that said charge, while inapt and tending to confuse, was not calculated to mislead, when considered in connection with the other instructions given, and thus did not constitute reversible error. Your petitioner respectfully contends that in holding and deciding that said charge was not calculated to mislead when considered in connection with the other instructions given, and thus did not constitute reversible error, the said Court of Appeals committed error, because: said last sentence of the instruction was calculated to cause the jury to understand and probably did cause them to understand the same to mean, that, in order for defendant to comply with the requirements of ordinary care imposed on it by law, defendant must have performed every act alleged in the petition as having been necessary for the proper construction and maintenance of its track and road-bed, including the cut and walls thereof at the place where the injury occurred, and to render and keep the same safe for the use of decedent at the time and place of the injury; and that defendant must also have performed every act alleged in the petition as having been necessary to be performed by it or its employees by keeping guards or watches in constant attendance at and in said cut, at and before the alleged injury occurred, to discover any slide which might occur in the cut and cause a dangerous obstruction of the track therein, and of warning approaching trains thereof in time to prevent derailment or wreckage of trains or injuries to employees operating trains. Further, because said last sentence of said quoted instruction was an invasion of the province of the jury, in that the same instructed the jury that the doing by defendant of any act which plaintiff in her petition alleged ought not to have been done, or the failure by the defendant to do any act which the petition alleged ought to have been done, would be negligence on the part of defendant, whereas it was for the jury to say, under the evidence, what defendant's conduct should or should not have been in order for it to come up to the legal requirements of ordinary care. Further,

because said last sentence of said quoted instruction intimated an expression of opinion by the court upon the evidence, inasmuch as it appeared from the evidence that the defendant had not kept a watchman in said cut nor patrolled its track through said cut every ten or fifteen minutes during the rainy weather at and prior to the injury complained of, as plaintiff's petition had stated that defendant ought to have done and was negligent in not doing, and said instruction in effect told the jury that defendant had failed in its duty in not so having and maintaining a patrol. Further, because said quoted instruction took away from the jury the right to say what conduct on the part of defendant was necessary for the discharge of the obligation of exercising ordinary care, and substituted therefor the arbitrary allegations of plaintiff's petition as to what conduct of defendant was so necessary; and in effect defined the conduct of the defendant necessary to constitute ordinary care as being that conduct alleged in plaintiff's petition as so necessary." *Held,* that the charge complained of was erroneous for the reasons assigned.

2. The third assignment of error is as follows: "In the ground of its amendment to the motion for new trial, numbered 9, the defendant alleged that the trial court erred in refusing to give in charge to the jury the following instructions requested in writing by its counsel, in due time: 'I charge you that the defendant company was not an insurer of the life or safety of the said W. F. Hetzel. The law does not impose upon a railroad company the duty to insure to its employees that the place where they work or carry on the business of the company shall be absolutely safe. The duty of the defendant company to its employees, including the said W. F. Hetzel, as to providing a safe place for them or him to work, would be fulfilled by the exercise of ordinary care on the part of the defendant to provide a reasonably safe place for such work as deceased was called upon by his duty as its employee to do under such conditions as it should be reasonably anticipated would exist in the operation of its trains by said Hetzel as engineer thereof in running over the track where the injury is alleged to have occurred.' The said Court of Appeals held and decided that there was no error in so refusing, because said request was argumentative, or confusing, or both; that, assuming that the last sentence of this request could be construed as stating a correct principle of law, the language

was so confused and involved that a jury of laymen would probably never have understood what the principle was. Your petitioner respectfully contends that in so ruling and deciding the said Court of Appeals committed error, because the said requested instruction was neither argumentative nor confusing, and because the last sentence thereof was the statement of a correct principle of law, and its language was not so confused and involved that a jury of laymen would probably never have understood what the principle was. For further assignment of error your petitioner says that the said requested instruction was legally correct and pertinent as a rule of law to aid and guide the jury to a correct understanding of the extent and limit of the duty imposed by law upon defendant with regard to the safety of the place of work of its employees, and therefore should have been given in charge to the jury, and the refusal to so give it was error, prejudicial to defendant and entitling it to a new trial." As to this the court is evenly divided in opinion, Atkinson, Hill, and Hines, JJ., being of the opinion that the judgment should be reversed on this ground, and Russell, C. J., Beck, P. J., and Gilbert, J., being of the opinion that it should be affirmed.

3. The sixth assignment of error is as follows: "Upon the trial of the cause, while plaintiff's witness J. M. Barron was testifying, he was asked by plaintiff's counsel the following question: 'Last week, when we went out there, did you see any slide that had occurred since you were there last fall?' The witness replied: 'I did.' Counsel for defendant objected to the question that what occurred in March, 1927, was utterly immaterial as reflecting or shedding any light on what may have been reasonably foreseen at and prior to January 18, 1925. The court: 'As I understand, you mean immediately in the vicinity of the slide in question?' Plaintiff's counsel: 'Yes sir, showing the tendency there.' The court: 'I will let it go in.' 'Q. You say you saw such a slide? A. Yes sir. Q. Which way is it from the Hetzel slide? A. Practically north. Q. About how far, your recollection? A. About 200 feet, I think, around the curve, coming north.' In the ground of the amendment to the motion for new trial numbered 19, it was alleged that the court erred in permitting said Barron to testify that a slide of rock had occurred in the vicinity of the cut where the Hetzel slide occurred, because it

appeared that the slide testified about by Barron occurred long after the slide in which the deceased was killed, and at a point north of the Hetzel slide where the pitch of the rock was directly toward the track and different from the pitch of the rock at the point where the Hetzel slide occurred; that such evidence was wholly immaterial and irrelevant, because the same in no way illustrated or threw light upon whether the defendant in the exercise of ordinary care should have anticipated that the Hetzel slide would occur, placing before the jury evidence of subsequent slides, and tending to lead the jury to believe that the formation at that point was in the habit of sliding and that defendant should have known of this tendency of the material, whereas such subsequent slides were not known to defendant and could not have been known by defendant at the time such Hetzel slide occurred. The said Court of Appeals held and decided that there was no merit in this ground of the motion for new trial, no reversible error. Your petitioner respectfully contends that in so holding and deciding the Court of Appeals committed error, because the admission of said testimony was erroneous and hurtful to defendant, for the reasons alleged in said ground of the motion for new trial, as hereinbefore set forth." *Held,* that this ruling shows reversible error for the reasons assigned.

4. The remaining assignments of error do not require reversal.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*

Russell, C. J. In the opinion which I originally prepared in behalf of the court I held that none of the rulings upon which the petition for certiorari is predicated requires a reversal of the judgment of the Court of Appeals in the present case. My opinion was not accepted by the court; and instead of the judgment of the Court of Appeals having been affirmed in accordance with my view of the case as a whole, the majority of the court have entered judgment reversing the judgment of the Court of Appeals, for the reasons stated in the opinion. I am still of the opinion that the Court of Appeals did not err in ruling that the instructions of which complaint was made in the petition for certiorari did not require the grant of a new trial, nor did the admission of the evidence, which affords the basis of another reason for a reversal as stated by the majority of the court. I adhere to my opinion as included

in the statement that none of the rulings upon which the application for certiorari was based *requires a reversal,* which is peculiarly applicable to the admission of the evidence referred to in the majority opinion. For these reasons I dissent from the judgment of the majority.