28803. WILLIAMSON *v.* KIDD *et al.,* executors.

DECIDED JULY 14, 1941.

*Harold Karp,* for plaintiff.

*Claud F. Brackett, Roy S. Drennan,* for defendants.

MACINTYRE, J. When this case was formerly before this court it was reversed on the ground that the petition should have been dismissed on demurrer. *Kidd* v. *Williamson,* 61 *Ga. App.* 890 (8

S. E. 2d, 590). The original petition and its amendments were set forth in detail there and reference is now made to that case. After that ruling by this court, the plaintiff amended her petition again and alleged in effect that at the time of said repairs the defendant replaced the defective tread with new lumber and added extra "cleats" to the stringer, and the cleats and tread were nailed securely by plaintiff and defendant at that time. She further alleged that from the time of the repairs until the time of her injury (a period of about thirteen months) "one of the stringers of said steps became rotten, causing the nails holding the tread thereon to become loosened and allowing said tread to slip off said stringer and causing petitioner to fall and sustain the injuries hereinafter set out." This stringer which became rotten was in good condition at the time of said repairs, and the repairs were not made at the point on the steps which became defective. Since her injury she has learned that the defective condition existed at the time of her injury. She alleged that the "rotted areas of both the tread and the stringer could not be seen by petitioner by ordinary observation, and defendant did not call petitioner's attention to such rotted condition of the steps," and that the defendant knew or should have known of the rotten and dangerous condition of the stringer, and was negligent in allowing the tread to remain on the stringer of the steps in its rotten condition when the defendant knew or should have known that the wood being rotten the nails would not hold. The original acts of negligence were stricken by amendment, and the plaintiff now in effect predicates her petition on the theory that it was the absolute duty of the defendant, after the dangerous and defective condition of the steps arose, to make an inspection of the steps for the purpose of keeping them in repair. The judge, on general demurrer, dismissed the petition as amended and the plaintiff excepted.

It seems to be the rule in this State that it is the duty of the master, where the place to work, as here, is permanent, to exercise ordinary care to make the place to work safe (*Middle Georgia & Atlantic Ry. Co.* v. *Barnett,* 104 *Ga.* 582, 585, 30 S. E. 771), as distinguished from providing the servant with a reasonably safe place to work. See *Otis Elevator Co.* v. *Rogers,* 159 *Ga.* 53, 54 (125 S. E. 60), where the Supreme Court was equally divided, and *Otis Elevator Co.* v. *Rogers,* 33 *Ga. App.* 181 (125 S. E. 763),

where this court adopted the former view. Under our Code, §
105-401 (which is a codification of the common law), "Where the
owner or occupier of land, by express or implied invitation, in-
duces or leads others to come upon his premises for any lawful
purpose, he is liable in damages to such persons for injuries occa-
sioned by his failure to exercise ordinary care in keeping the prem-
ises and approaches safe." See *Atlanta Cotton-Seed Oil Mills* v.
*Coffey,* 80 *Ga.* 145, 148 (2) (4 S. E. 759, 12 Am. St. R. 244).
And it has been said that the duty of a master to use ordinary care
to keep his premises safe, and to conduct his business in such man-
ner that his servants may perform their duties in safety, is but a
phase of this broader and more anciently-recognized doctrine of
common law. *Seaboard Air-Line Ry.* v. *Chapman,* 4 *Ga. App.* 706
(2) (62 S. E. 488). The servant here, under the allegations of
the petition, was an invitee, and where in an action by an injured
invitee (servant) for damages the petition failed to allege that the
owner (master) had knowledge of the decayed condition of the un-
derside (stringer) of the outside stairway, but did allege "this
defect and rotten condition did not exist and was not apparent at
the time of the previous repairs to said steps some thirteen months
prior to her fall," and at the time of her fall the condition "could
not be seen . . by ordinary observation," and in effect based her
petition on the theory that it was the absolute duty of the owner
(master) to make an inspection of the premises, for the purpose
of keeping them in repair, irrespective of any apparent fact or cir-
cumstance which might, to a reasonably prudent person in the ex-
ercise of ordinary diligence, indicate the necessity of any such in-
spection, the judge did not err in sustaining the demurrer and in
dismissing the petition. The duty of the master stated is not stated
as consisting either of slight diligence or of extraordinary diligence,
but is stated to consist of ordinary care, such as a prudent house-
holder might reasonably be expected to exercise. In the absence of
actual knowledge of the defect in the steps, the top of which was
exposed to the rain and the underside (stringer) to the air, and
which alleged defective and dangerous condition "could not have been
seen by . . ordinary observation," it would seem that to require
an inspection of the underside of such steps in order to ascertain if,
contrary to appearances, it was in fact in an unsound and unsafe
condition, would be to demand the exercise of a most extraordinary

degree of diligence. "It is ordinary diligence in discovering such a defect which is required; and where, as in the instant case, the owner is without actual knowledge of the defect, and it is shown by the petition that there is nothing to indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defects, ordinary diligence does not require an inspection 'where he had no reason to think an inspection was necessary.' 29 Corpus Juris 472 (2)." *Culhbert* v. *Schofield*, 35 *Ga. App.* 443, 444 (133 S. E. 303). See *McCrory Stores Cor.* v. *Ahern*, 65 *Ga. App.* 334. The judge properly sustained the demurrer and dismissed the petition.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*