32181. ELROD *v.* OGLES.

DECIDED DECEMBER 4, 1948. REHEARING DENIED DECEMBER 15, 1948.

*John C. Mitchell, D. W. Mitchell, W. H. Bolling, H. E. Mitchell,* for plaintiff in error.

*M. C. Tarver,* contra.

TOWNSEND, J. (After stating the foregoing facts.) An action was previously brought by the plaintiff against the defendant based on the same facts alleged in the petition herein. Upon the trial a nonsuit was granted. Thereafter the defendant filed a motion to vacate the nonsuit and reinstate the case. No brief of evidence accompanied this motion. The trial court granted the motion and reinstated the case. This judgment was excepted to and the case reversed. See *Elrod* v. *Ogles,* 77 *Ga. App.* 106 (47 S. E. 2d, 672).

Thereafter this action was brought and a motion made to dismiss said case because of no allegation in the petition which would show that the plaintiff had any evidence additional to that offered on the trial of the former case in which a nonsuit had been granted. The defendant also filed a plea of res judicata, and the plaintiff moved to strike the same. The writ of error herein discloses exceptions to the judgment of the trial court overruling the motion of the defendant to dismiss the case, and the judgment sustaining the plaintiff's motion to strike the defendant's plea of res judicata. The exceptions to the judgment sustaining the motion of the plaintiff to strike the plea of res judicata are expressly abandoned by the defendant, his counsel in their brief requesting that these exceptions operate as exceptions pendente lite to that judgment. Under the authority of *Johnson* v. *Henry & Co.,* 178 *Ga.* 542, (174 S. E. 140), *Brock* v *Tallapoosa,* 19 *Ga. App.* 793 (92 S. E. 289), and *W. T. Rawleigh Co.* v. *Forbes,* 76 *Ga. App.* 118 (44 S. E. 2d, 692), leave is granted to the plaintiff in error to treat the official copy of the bill of exceptions filed in the office of the clerk of the trial court as exceptions pendente lite as to the judgment sustaining the motion of the plaintiff to strike the plea of res judicata of the defendant.

The other judgment, excepting to the overruling of the motion of the defendant to dismiss the petition, is treated as abandoned, because the brief of counsel for the defendant contains a statement as follows: "There are two questions to be determined under the bill of exceptions in this case; the first question being,

do the allegations of the plaintiff's petition set forth a cause of action? Second, did the court rule correctly on the special demurrers interposed by the defendant to plaintiff's petition?" Since this statement refers only to the judgment of the trial court overruling the general and special demurrers of the defendant to the petition, and since throughout their brief counsel for the defendant argues only in support of their contentions that the trial judge erred in overruling said demurrers, the other judgments are treated by this court as hereinbefore outlined, and the case is here considered only on the petition and the demurrers.

■ It being alleged in the petition that the plaintiff's husband was an employee of the defendant, the relationship of master and servant existed; and in such case, in order for the petition to withstand general demurrer, it must allege facts which show that the master knew, or in the exercise of ordinary care should have known, of the danger attending the servant's employment. The petition must also allege facts which show that the servant did not know of these dangers; that he did not have equal means with the master of learning of this danger, and by the exercise of ordinary care could not have discovered the same. See Code, § 66-303.

Construing the pleadings most strongly against the pleader, an allegation that the master knew, or in the exercise of ordinary care should have known of the danger incident to the servant's employment, is equivalent to a charge of implied notice rather than actual knowledge. See *Babcock Bros. Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (6) (48 S. E. 438); *Thomas* v. *Ga. Granite Co.,* 140 *Ga.* 459, 460 (79 S. E. 130). Where implied notice on the part of the master is relied upon, rather than actual knowledge, the sufficiency thereof depends upon the pleaded allegations relied upon to show it. See *Fraser* v. *Smith & Kelly Co.,* 136 *Ga.* 18 (70 S. E. 792).

An amendment to the petition alleges facts which would make the plaintiff's husband an invitee. However, that is what he really was any way, as the duty of the master to use ordinary care to keep his premises safe so that his servants may perform their duties in safety is but a phase of the ancient recognized doctrine of the common law codified as § 105-401 of our Code, which

provides that, "Where the owner or occupier of land, by express or implied invitation induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and the approaches safe." See *Williamson* v. *Kidd*, 65 *Ga. App.* 285 (15 S. E. 2d, 801); *Seaboard Air-Line Ry.* v. *Chapman*, 4 *Ga. App.* 706 (62 S. E. 488). Neither in the master and servant cases nor in the invitee cases has the master or owner been held liable, where he did not know of the danger and where he was not lacking in the exercise of ordinary diligence in discovering the same. See *Cuthbert* v. *Schofield*, 35 *Ga. App.* 443 (133 S. E. 303); *Williamson* v. *Kidd,* supra; *Babcock Bros. Lumber Co.* v. *Johnson,* supra; *Thomas* v. *Ga. Granite Co.,* supra; *Fraser* v. *Smith & Kelly Co.,* supra.

This does not mean, however, that the master or owner must have either actual knowledge or implied notice of the result of the danger. As in the instant case, it is not necessary in order for the petition to state a cause of action that it allege that the master or owner had either actual knowledge or implied notice that the butane gas was in the well in which the servant or invitee was working. The petition alleges that he did know that butane gas was installed on his premises; that he knew the tank and pipe line were of second-hand material; that he knew the gas line was buried at a point on his property within 4 feet of the well, where he knew the servant or invitee would be at work; and that he knew the men whom he procured to install the tank and pipe were unskilled in this type of work. He is chargeable with the knowledge that the pipe line was defective, in that through rust and decay it had become weakened and was unfit for the transmission of butane gas and accordingly dangerous. Whether these conditions, his knowledge of their existence, and his failure to warn the servant or invitee of them, amount to the lack of exercise of ordinary care, is a jury question. See *Atlanta, Birmingham & Coast R. Co.* v. *King,* 55 *Ga. App.* 1 (4) (189 S. E. 580). The latter part of § 66-303 of the Code provides as follows: "It must also appear that the servant injured did not know and had not equal means of knowing such facts and by the exercise of ordinary care could not have known thereof." See

*Holland* v. *Durham Coal & Coke Co.*, 131 *Ga.* 715 (63 S. E. 290) ; *Ludd* v. *Wilkins,* 118 *Ga.* 525 (45 S. E. 429).

According to the allegations of the petition in the instant case, the servant did not know of the installation of the butane gas on the premises; he did not know that the tank and pipe were of second-hand material; he did not know that the pipe was defective from rust and decay and unfit for the transmission of butane gas; he did not know that this defective line was buried within 4 feet of the well in which he was working; and he did not know that the men who installed that equipment on the premises were unskilled in this particular type of work. It is true that neither the plaintiff's husband nor the defendant knew the gas was in the well. It is also true the plaintiff's husband had the better opportunity of discovering the presence of the gas in the well, but the defendant had far the better opportunity of knowing and realizing the likelihood of the gas getting into the well. Since gas can neither be felt nor seen, the plaintiff's husband would have been unlikely to have learned of its presence in the well prior to the explosion, unless he smelled it. Had he smelled gas and had no knowledge that the same was installed upon the premises, he might have mistaken its odor, but had the defendant warned him of the installation of the gas within 4 feet of the well he was digging, in a rusty and defective pipe line, he would have doubtless been on guard and sensitive to the odor of gas. Whether the plaintiff's husband was in the exercise of ordinary care in failing to discover the presence of gas in the well prior to the explosion, is therefore also a jury question. See *Atlanta, Birmingham & Coast R. Co.* v. *King,* supra.

The judgment of the trial court overruling the general demurrers to the petition is without error.

■ The special demurrers, to which reference hereinbefore has been made, to paragraph 6, and subsections C, D, and E of paragraph 7, are without merit for the reasons assigned in the 1st division of this opinion.

■ The selection of incompetent servants is such an act of negligence as will authorize a cause of action in favor of any person who is injured as the direct and proximate result thereof. See Code, § 66-301; *Renfroe* v. *Fouché,* 26 *Ga. App.* 340 (3) (106

S. E. 303); *Estridge* v. *Hanna,* 54 *Ga. App.* 817 (2) (189 S. E. 364).

No invariable rule can be laid down whereby it can be declared that a master is chargeable with or relieved of the duty of inspecting premises, the circumstances of each case determining this question. See *Williams* v. *Garbutt Lumber Co.,* 132 *Ga.* 221 (64 S. E. 65); *Williamson* v. *Kidd,* supra. In the instant case, whether failure to inspect the premises by the defendant amounts to the lack of the exercise of ordinary care, is a jury question. Therefore the special demurrers to subsections A and B of paragraph 7 are without merit.

■ That part of the petition, where the plaintiff alleges that "her husband was in the exercise of ordinary care for his own safety and could not have by the exercise of ordinary care avoided his injury and death, and that his death occurred as the result of acts of negligence of the defendant," is not subject to the special demurrer interposed thereto because, while said allegation amounts to a mere conclusion of the pleader, ample facts are stated in the petition to authorize this inference. See *Pacetti* v. *Central of Georgia Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302).

The judgment of the trial court, overruling the general and special demurrers to the petition in the instant case, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*