### 27015.   SMITH et al. v. AMMONS et al.

UNDERCOFLER, Justice. This is a negligence case. The plaintiff sued her employer after a light fixture came loose from the ceiling and struck her. The jury awarded the plaintiff damages. The judgment was affirmed by the Court of Appeals. We granted certiorari to review the trial court's charges on the master's duty to his employees in furnishing a place to work. Workmen's compensation is not involved in this case.

The trial judge charged the jury: (1) "Where the owner or occupier of land by express or implied invitation induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise *ordinary care* in keeping the premises and approaches *safe.*" (Emphasis supplied).

He also charged: (2) "Every employer and every owner of a place of employment, place of public assembly, or public building, shall so construct, repair and maintain the same as to render it *reasonably* safe." (Emphasis supplied).

The applicant in certiorari contends that the correct charge on this subject is: "It is the duty of the master to exercise *ordinary care* to provide and maintain a *reasonably*

*safe* place for his servant to work." (Emphasis supplied.) See *Holman v. American Auto. Ins. Co.,* 201 Ga. 454, 459 (39 SE2d 850).

He argues that the first charge is erroneous because the word "reasonably" is omitted so that this charge incorrectly requires the owner to use "ordinary care" in keeping the premises "safe."

Conversely, he argues that the second charge is erroneous because the words "ordinary care" are omitted so that this charge incorrectly requires the owner to keep the premises "reasonably safe."

We agree that the charge contended for by the applicant in certiorari is a correct charge. However, we disagree that the charges given by the trial judge are erroneous.

The first charge is verbatim from *Code* § 105-401 which has been held to apply to a master-servant relationship. *Williamson v. Kidd,* 65 Ga. App. 285 (15 SE2d 801); *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906 (81 SE2d 721).

The second charge is verbatim from *Code Ann.* § 54-123 (b) and although this Act is stated to apply only to employers of 8 or more persons, which is not the case here, we think it was not error to charge it as will appear in the following discussion.

In our opinion the pronouncement of the first division in *Otis Elevator Co. v. Rogers,* 159 Ga. 53, 54 (125 SE 60) applies here and we adopt it. It is there stated, "There is in fact but little substantial difference between providing a reasonably safe place to work and using reasonable diligence to make such a place safe. The rule laid down in *Middle Georgia & Atlantic R. Co. v. Barnett,* 104 Ga. 582 (30 SE 771), *Chenall v. Palmer Brick Co.,* 117 Ga. 106 (43 SE 443), and *Norris v. American Railway Express Co.,* 156 Ga. 150 (118 SE 686), is, in our opinion, correct. In some cases the rule has been stated by this court to be that it was the duty of the master to furnish a 'reasonably safe place.' Such is the ruling in *Jackson v. Merchants & Miners Transportation Co.,* 118 Ga. 651 (45 SE

254). In *Atlantic &c. Railroad v. Reynolds,* 117 Ga. 47 (43 SE 456), it was said that the master is held to only ordinary care in furnishing his servant 'a reasonably safe place to work.' In *Betts v. Hancock,* 139 Ga. 198 (77 SE 77), it was said that it was inaccurate for the court to instruct the jury that 'it was the duty of the defendant in this case to have used, in the transaction under investigation, ordinary care and diligence, as I have defined it to you, in furnishing the plaintiff a safe place to work,' but a new trial was not granted because of this instruction. The verbiage used by this court in passing upon this question has not always been precisely the same, but the lack of harmony has been more apparent than real.

"The oldest ruling by this court precisely in point is that in the case of *Middle Georgia & Atlantic R. Co. v. Barnett,* supra, a full bench, unanimous decision, and should be adhered to. It followed in principle the case of *Atlanta & Charlotte R. v. Ray,* [70 Ga. 674], supra.

"Whether or not the master is liable in any given case depends upon whether or not he has been derelict in the duty imposed upon him by law, to wit, the exercise of ordinary diligence. If he has been faithful to that duty, no liability can attach to him for any injury that may result. If he has failed in that duty, liability will attach. In order to determine whether he has been faithful or derelict, we must look to the standard of duty prescribed by law. In such a case as this the well-established rule in this State is that the master must exercise ordinary care, that is, such care as every prudent man would exercise under the same circumstances. What every prudent man would do under the circumstances would vary according to the time, place, and conditions. 'The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. Code [1882], § 2061. But the care of a prudent man varies according to circumstances dependent upon the degree of danger. . . What is the precise legal intent of the term 'ordinary care' must, in

the nature of things, depend upon the circumstances of each individual case. It is a relative and not an absolute term."' *Central Railroad Co. v. Ryles,* 84 Ga. 430 (11 SE 499); 1 Hopkins' Personal Injuries (2d Ed.), §§ 2, 87. The fixed standard of the law that the master shall furnish a safe place for the servant to work does not impose an absolute duty to furnish a safe place, but the duty is placed upon the master to make an effort to do so. As stated in 3 LaBatt on Master and Servant, 2410, § 907, 'As the master is deemed to be culpable if he fails to exercise that degree of care which is denoted by one or other of the expressions used to describe the hypothetical conduct of a man of ordinary prudence, so, on the other hand, he is not required to satisfy any higher standard of diligence or skill than that which such a man may be supposed to exercise under the circumstances. *Any instruction is correct which embodies this principle.* (Italic ours.) On the other hand, it is a misdirection to charge the jury in language the effect of which is to subject the master to more extensive obligations than those indicated by the phrase "ordinary care" or its equivalents.' From the annotations on the subject in the work just quoted it is seen that the expressions are widely variant. Summing the whole subject up Mr. LaBatt has shown, in the quotation above in the sentence which we have italicized, that the real test is whether or not the master exercised ordinary care, that is, whether or not he has fulfilled the duty imposed upon him by law."

This division was followed by the Court of Appeals in *Otis Elevator Co. v. Rogers,* 33 Ga. App. 181 (125 SE 763). See also *Western & A. R. v. Hetzel,* 38 Ga. App. 556, 563 (144 SE 506); s. c. 169 Ga. 246, 248 (149 SE 876).

The trial court here fully charged on negligence and proximate cause and that no recovery could be had without "some act or omission amounting to a failure . . . to exercise that degree of care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances. . ."

We find no error in the complained of charges.

*Judgment affirmed. All the Justices concur, except Jordan, J., disqualified.*

ARGUED MARCH 13, 1972—DECIDED APRIL 6, 1972.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellants.

*J. S. Hutto & Associates, J. S. Hutto, Eugene Highsmith, Cowart, Sapp & Gale, George B. Cowart, Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.