## GEORGIA AND ALABAMA RAILWAY CO. *v.* COOK.

When in the trial of an action for the destruction of property, alleged to have been caused by a locomotive upon a public road crossing, it affirmatively appears that the collision from which the injury resulted was in no way attributable to a failure of the defendant's servants to blow the whistle or check the speed of the locomotive, the law with respect to observing such precautions in approaching such a crossing is not applicable. Thus, where a mare suddenly and frantically ran towards and rushed against a locomotive while it was passing over a public crossing, and was thus killed, the servants of the railway company having done nothing to cause the animal to act in this manner, the company was not liable to the owner merely because its servants did not observe the requirements of the "blowing and checking law."

Argued January 10, — Decided February 7, 1902.

Action for damages. Before Judge Roberts. Telfair superior court. August 27, 1901.

*Eason & McRae,* for plaintiff in error. *E. D. Graham,* contra.

LUMPKIN, P. J. The Georgia and Alabama Railway assigns error upon the overruling of a motion for a new trial, by which it sought to set aside a verdict rendered against it in favor of Morgan Cook, for the killing of a mare. The plaintiff below proved, at the trial, that the animal had been killed by a collision with a locomotive of the defendant, but introduced no evidence showing the particulars of the catastrophe. He therefore relied exclusively upon the presumption of negligence which the law raised against the company. The defendant showed, by the positive and uncon-

tradicted testimony of its engineer and fireman, that the plaintiff's mare was not run over or struck by the locomotive, but that she suddenly and in a frantic manner rushed against the locomotive while it was in motion, the company's servants having done nothing to cause her to act thus, and was killed by the concussion. It was not, therefore, the case of a locomotive running over an animal, but of an animal attempting to run over a locomotive. The circumstantial evidence in behalf of the plaintiff tended to show that the collision occurred upon a public road crossing. The direct and positive evidence for the defendant demonstrated that the mare rushed against the locomotive just after it had passed over the crossing or was about to leave the same. There was also testimony that the defendant's servants had failed to observe the statutory requirements as to blowing the whistle of the locomotive and checking the speed of the train in approaching public road crossings. The court by its charge applied to the case these provisions of the law. In so doing, his honor read to the jury the following extract from the opinion delivered by Chief Justice Simmons in the case of *Railway Co.* v. *Hall,* 109 *Ga.* 370: " Where the servants of the railroad company fail to observe it [the law as to blowing and checking], and any person or property is injured upon the crossing, the company can make no defense except that the injury was done by the consent of the person injured; or that he could have avoided the injury by the observance of ordinary care; or that his negligence contributed to it, in the way of mitigation of damages." The language thus used must, of course, be interpreted with reference to the facts of the case with which the Chief Justice was dealing. In that case it appeared that the failure of the company to observe the statutory requirements as to blowing and checking contributed directly to the injury of which complaint was made. This failure was, consequently, relatively to the plaintiff, an act of negligence. In the case before us, the failure of the company to comply with the " blowing and checking law" was not the cause of the injury, and therefore the statute was not applicable. The mare was not killed upon the track of the railway; and even if she was, when she struck the locomotive, in the road just where it was about to come in contact with the rails, it could not be fairly said, within the meaning of the law, that the collision took place on the crossing. Undoubtedly, such a failure as that referred to above is, in the ab-

stract, a negligent act; but negligence relatively to one to whom no duty is due with respect to the matter in question does not give to him a right of action. In this connection, see *Holland* v. *Sparks*, 92 *Ga.* 753. As the witnesses for the company were unimpeached and their testimony uncontradicted, the case should have been determined upon the assumption that their version of the matter was true. This being so, the charge complained of was inappropriate, and the verdict rendered was contrary to law. See *Western & Atlantic R. Co.* v. *Strickland*, 114 *Ga.* 133.

> *Judgment reversed. All the Justices concurring.*