## MORRIS, by next friend, *v.* ROUNSAVILLE *et al.*

Where one erects alongside a public road telephone poles on which telephone wires are placed, and a person climbs one of such poles by permission of the owner to remove the wire for the purpose of removing a building for another across such road, and the pole because of its "rotten condition" breaks and injures such person, the owner of such poles is not liable in damages to the injured party because the poles were erected along the roadside "without authority or right and contrary to law," and such pole was knowingly allowed to stand in a "rotten condition." The acts of alleged negligence were not acts of negligence relatively to the party injured while climbing the pole for the purposes stated.

Argued February 5,—Decided April 17, 1909.

Action for damages. Before Judge Wright. Floyd superior court. July 17, 1908.

*George A. H. Harris & Son,* for plaintiff, cited 89 *Ga.* 655; 92 *Ga.* 398; 97 *Ga.* 663; 4 *Ga. App.* 742.

*J. Branham* and *John W. & G. E. Maddox,* for defendants, cited 85 *Ga.* 447; 112 *Ga.* 38, 184, 668; 120 *Ga.* 521, 1034; 124 *Ga.* 986; 29 Cyc. 450, 451; 2 Joyce on Electricity (2d ed.), 1062.

HOLDEN, J. Mid Morris, by his next friend, brought a complaint against Rounsaville Brothers to recover damages on account of personal injuries received, his petition, as amended, making substantially the following allegations: The defendants are the owners of a private telephone line, the poles of which are placed alongside the public road. The plaintiff was engaged in moving a house for the Rome Tannery across this public road, and it was necessary to remove the telephone wire. The plaintiff placed a ladder against one of the telephone poles, and when he had climbed to the top round of the ladder, about 20 feet from the ground, the pole broke and fell with the plaintiff to the ground, causing him serious injury. The pole was rotten and in an unsafe condition under the ground, and up to about two inches above the ground. The plaintiff filed an amendment which, properly construed, alleged that defendants gave him permission to climb the pole. The petition was dismissed upon demurrer, and the plaintiff excepted.

The amendment offered, stating that the defendants gave the plaintiff permission to climb the pole, simply had the effect of showing that the plaintiff was a licensee if it can be said that he was acting within the privilege given him to climb the pole when

he placed a ladder at an angle against the pole and climbed the ladder for the purpose of removing the wire. There is no allegation that the defendants made any statement to the plaintiff about the condition of the pole, or failed to warn him of its condition or that it was unsafe to climb the pole or place the ladder against it and climb the ladder, if there was any legal duty to thus warn him. Plaintiff does not allege that defendants are liable or that a recovery is sought because defendants failed to thus warn him. The only acts of negligence alleged against the defendants, on which a right of recovery was predicated, are as follows: "Petitioner shows to the court that the defendants had no right to erect the poles alongside the roadside, and to do so was an act of trespass and an act of negligence per se. That it was negligent on the part of the defendants to allow said pole to stand alongside the roadside in the rotten condition that it was in. Petitioner shows to the court that the defendants knew of the rotten condition of said pole, and that it was negligence on their part to keep said pole in use. . . Petitioner shows that the road alongside which said pole was erected is a public road, the property of Floyd County, and is worked, repaired, and maintained by said county for the benefit of its citizens, to be used as a highway of travel; and for said pole to be allowed to remain in use alongside of said road as alleged was a menace to the safety of its citizens, and was therefore an act of negligence upon the part of defendants to keep the same in use." If it was an act of negligence on the part of the defendants to erect the poles along the roadside without authority, or knowingly to allow the pole to stand along the roadside in a rotten condition with reference to persons using the road as a highway for purposes of travel, these were not acts of negligence with reference to one climbing the pole for the purpose of removing the wire solely for his own benefit. There was no duty on the defendants to keep their poles in safe condition for persons to climb in order to remove the wires thereon so as to move a house across the highway. If the erection of poles along the highway was without authority, this fact would not give a right of action to one injured while climbing the pole for the purposes stated. In order for acts to constitute negligence towards any particular person, there must be a breach of duty owing to such person at the particular time and under the particular circumstances; and to give a right of action

for injuries resulting from such breach of duty, such negligence must be the proximate cause of the injuries. As stated in *Georgia & Ala. Ry. Co.* v. *Cook*, 114 Ga. 760, 762 (40 S. E. 718), "Negligence relatively to one to whom no duty is due with respect to the matter in question does not give him a right of action." The only acts of alleged negligence averred by the plaintiff on which he seeks a recovery being acts of negligence (if acts of negligence with respect to any one) with reference to persons using the highway for purposes for which it might lawfully be used, and the plaintiff not having been injured while using the highway for such purposes, but while using the pole for the purpose of removing the telephone wire in order to remove a building across the road, the court properly sustained a general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur.*