### 21226. SMITH v. GEORGIA POWER COMPANY.

DECIDED APRIL 14, 1931.

*C. C. Bunn, John K. Davis,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright, Barry Wright, W. W. Mundy,* for defendant.

LUKE, J. Mrs. Belle Smith brought her action for damages against Georgia Power Company, to recover damages for injuries alleged to have been sustained by her ten-year-old son, William Howard Smith, by reason of the negligence of the defendant. The only exception is to the judgment sustaining a general demurrer to the petition. The substance of so much of the petition as we deem necessary to illustrate the question raised by the general demurrer appears from the following statement: In 1929, at a time when the foliage was off the tree hereinafter mentioned, the defendant "purchased the entire electrical system of the City of Cedartown," well knowing that the insulation was off a large portion of the wires of that system. As a part of said system, there was a "high-powered wire running from . . Broad Street into the ginning property of A. E. Young & Son." Said wire "was connected with a pole near the office of said Ginning Company, and ran over the top of the little office building, which was right on the sidewalk, and through the foliage of a cottonwood tree adjacent to the north

end or side of the office building." The insulation was off said wire, and the defendant knew of this fact, or, in the exercise of ordinary care, should have known of it. Said tree was "only six or seven feet from the sidewalk of Broad Street, and, at the ground, right at the office building, . . and the main body of the tree leaned north from the building from the ground up to the first limbs, which were only about six feet from the ground—then one of the main limbs . . ran practically straight up and branched out over the top of said office building. . . Said tree was full of foliage and had a great many cotton-bolls on it. . . It was an ideal tree for them [children] to climb up and play in, and the bolls thereon were attractive to the boys and to petitioner's son, and naturally induced him to climb said tree for the purpose of securing bolls and playing therein. This tree was easily climbed, on account of the slope of the tree, the lowness of the limbs, and the fact that boys could easily get up on the windowsill and reach the limbs, and the electric-light pole of the defendant adjacent to the end of the shed of the office building which covered the scales and extended right out within a few inches of the light pole made it very easily accessible to boys to climb the pole and get on top of the roof and go into the tree." Said tree was "about 150 feet south from the corner of Broad and Gibson streets, about 250 feet from petitioner's house," and "on the property of Young Gin Company— a place constantly used by the public, . . and all the vacant property around said ginning business is constantly used as a playground by all the children of the vicinity, . . and this is done with the knowledge and consent of the owners of said property, all of which is well known to the defendant. . . Petitioner's son climbed said tree for the purpose of getting some cotton-bolls. . . Boys playing around said ginnery frequently climbed up in said tree, and this fact was known by the defendant. . . While petitioner's son was up in said tree playing around, without knowing the said high-powered wire was in said tree, and without knowing that any insulation was off of said wire, he accidentally touched the uninsulated part of the wire," and was shocked and seriously and permanently injured in stated particulars. Petitioner worked at night in a cotton-mill, and was asleep when her son was injured between four and four-thirty p. m. "Her son was too young to realize or to appreciate the danger of coming in contact with a live

electric wire." The tree was in a few feet of a street on premises frequented by small children, "and its low spreading branches and easy access made it especially attractive to small boys of the age of her son; and it was a reasonably safe place for them to play in but for the presence of said high-tension wire, which . . was hidden by the foliage of the tree. . . The attractiveness of said tree as a play place for children was known to defendant, or should have been known to it in the exercise of ordinary care. . . The maintenance of a high-tension electric wire without proper insulation by defendant, as above set forth, is a breach of its duty to petitioner and her son, and to the public. Especially is it a breach of its duty to children of tender years when such uninsulated wire runs through leafy branches of a tree frequented by children, as above described, with the implied consent of the owner of the property, and such use known to defendant."

The plaintiff invokes the doctrine of the "turn-table" cases, which is that one who sets before young children a temptation he has reason to believe may lead them into danger must use ordinary care to protect them from harm. *Clary Maytag Co.* v. *Rhyne,* 41 *Ga. App.* 72, 74 (151 S. E. 686) ; *So. Cotton-Oil Co.* v. *Pierce,* 145 *Ga.* 130, 132 (88 S. E. 672) ; *Underwood* v. *W. & A. R. Co.,* 105 *Ga.* 48, 50 (31 S. E. 123) ; *Manos* v. *Myers-Miller Furniture Co.,* 32 *Ga. App.* 644 (124 S. E. 357). This doctrine will not be extended to cases which do not come strictly within the principle upon which they rest. *A. C. L. R. Co.* v. *Corbett,* 150 *Ga.* 747 (105 S. E. 358) ; *Southern Cotton Oil Co.* v. *Pierce,* supra ; *S., F. & W. Ry. Co.* v. *Beavers,* 113 *Ga.* 398, 413 (39 S. E. 82, 54 L. R. A. 314). The case last cited contains an exhaustive and instructive discussion of the principles underlying "turn-table" cases.

Having set out somewhat fully the pertinent parts of the petition in this case, we deem it unnecessary to make further reference to them. There can not be actionable negligence without breach of legal duty (*S., F. & W. Ry. Co.* v. *Beavers,* supra) ; and we are satisfied that the petition does not disclose the breach by the defendant of any such duty owed the injured child by it. A case quite similar to the one at bar is *Bridges* v. *Ga. Power Co.,* 39 *Ga. App.* 400 (147 S. E. 589).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*