24195. Hall et al. v. Simmons, administrator.

Stephens, J. 1. An assignment of a life-insurance policy to a physician rendering professional services to the assignor, by an agreement that the physician will continue to render the services to the assignor and his wife so long as both of them shall remain in life, in which, where the policy has an infinitesimal cash surrender value and is about to lapse for nonpayment of premium, and the assignment is bona fide and not

the result of fraud, is not as a matter of law a wagering contract and invalid and unenforceable. Civil Code (1910) §§ 4253, 2498; *Quillian* v. *Johnson*, 122 *Ga.* 49 (49 S. E. 801); *Rylander* v. *Allen*, 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355).

2. Where, after the death of the assignor, the assignee, claiming to be a creditor of the estate, was made administrator and made application to the court of ordinary for leave to sell the land of the estate for the purpose of paying the debts of the estate, and a caveat was filed thereto by the heirs at law of the wife of the intestate, who was the sole heir at law of the intestate and who had died since the death of the intestate, the caveat being upon the ground that there were in the possession of the administrator personal assets consisting of the proceeds of two insurance policies which had been paid to the administrator, sufficient to pay the debts of the estate, one of which was payable to the intestate as the insured, with the wife as the beneficiary, and the other of which was payable to the wife as the insured, with the intestate as the beneficiary, that the assignments of these policies, which had been made to the administrator individually, who was a physician and as such was attending and rendering professional services to the assignors at the time of the assignments, were void, and that the proceeds of the policy belonged to the estate of the intestate husband and not to the administrator, where the evidence was sufficient to authorize the inference that the policy was assigned under the conditions narrated in paragraph 1 above, the jury were authorized to find that the assignment was valid and that the proceeds of the policy belonged to the administrator in his personal capacity and not to the estate.

3. The fact that the administrator, in receiving the proceeds of the policy from the insurance company, where the policy had been assigned to him individually, had receipted for the proceeds as the administrator of the beneficiary in the policy, who was the wife of the intestate and who died since the death of the intestate, and of whose estate the administrator was also administrator, was on its face not an acceptance of the proceeds of the insurance policy as administrator of the estate of the intestate, and was insufficient to establish that the money belonged to the estate of the intestate. Moreover, being a mere receipt for money paid to him and being subject to explanation by parol, it was permissible for the administrator to show that, notwithstanding the insurance company in paying the proceeds of the policy to him demanded as a condition for such payment that he receipt for the money as administrator of the estate of the beneficiary, the money belonged to him.

4. On the trial of a caveat to the application of the administrator for leave to sell the real estate, in which the administrator as such is one party and the caveators are the opposite parties, evidence in the testimony of the administrator as to transactions between him and the deceased is not inadmissible upon the ground of the incompetency of the witness under section 5858 (1) of the Civil Code of 1910, which provides that in a suit instituted or defended by the personal representative of a deceased person the opposite party to the suit is incompetent to testify in his own favor as to transactions between himself and the deceased person. It does not provide that the administrator is an incompetent witness.

5. The testimony of the administrator that prior to his taking the assignment of the policies the insurance company had written a letter which the deceased, before the assignment of the policies, had shown to the administrator, in which it was stated that the cash value of the policies would on a designated date be in the sum of 3 cents as to one policy and in the sum of 73 cents as to the other policy, was not inadmissible upon the ground of irrelevancy, or on the ground that the letter itself was the highest and best evidence. The evidence was admissible not to prove the actual value of the policies, but to establish the fact that the company gave this information to the parties, and as tending to show the circumstances under which the assignment was executed and the motives actuating the parties at the time.

6. The fact that the administrator may have applied for and obtained letters of administration upon the ground of being a creditor of the estate does not estop him from asserting that the insurance money is his and does not belong to the estate. Therefore the admission of the testimony of the attorney who represented him in applying for letters of administration, explaining that the application for administration was made by the administrator as a creditor of the estate, in that he had furnished, through an undertaker procured by him, services for the conduct of the funeral of the intestate, was not error.

7. The attestation by an official witness to the signature of a party executing a written instrument is, where nothing to the contrary appears, presumably regular and in accordance with legal requirements for the attestation of the instrument. It is a sufficient proof of the execution of a written instrument that the subscribing official witness thereto testifies that the instrument was executed in his presence and his signature is attached thereto, and that while he does not remember where the instrument was executed or all the circumstances surrounding its execution, he knows that he would not have witnessed the instrument unless the maker was present and the witness had seen him sign and execute the paper.

8. It was not error for the court to refuse to direct a verdict.

9. Under the above rulings the court did not err in charging or in failing to charge as excepted to. The charge of the court fairly submitted the issues, and the evidence authorized the verdict found for the administrator against the caveators. No error appears. The court did not err in overruling the motion for a new trial filed by the caveators.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 28, 1935.

*Oliver & Oliver,* for plaintiffs in error.
*W. H. Lanier,* contra.