46417.   HORTON v. AMMONS et al.
46418.   SMITH et al. v. AMMONS et al.
46419.   GREYHOUND LINES, INC. v. AMMONS et al.

HALL, Presiding Judge. All the defendants in a personal injury action appeal from the judgment and from the denial of their motions for judgment n.o.v. and for a new trial.

Plaintiff and her husband brought suit for injuries she sustained when a 25-lb. light fixture fell on her while she was at work. They named as joint defendants her employers, the electrical contractor who had installed the fixture and the owner of the building. The respective allegations of negligence were: that the employers, who had personally put up a new ceiling, had designated the place for the fixtures to be mounted with knowledge there was no joist at one end to bear the weight; that the contractor, in violation of the Electrical Code, attached one end of the fixture to nothing but a thin batten nailed to the sheet-rock ceiling after he was unable to find a joist; and that the owner-lessor, because of its contractual right of entry, should have discovered the defective installation in making an inspection.

1. The lease between the owner and plaintiff's employers provided that the lessor could enter to view the premises but that only upon default of the lessee and after due

notice could the lessor make repairs. The lessee agreed to make any repairs or renovations to the interior. The lessee orally told the lessor in general terms what he planned to do, i.e., paint, put in some lights, etc., but neither gave details or submitted a plan. Both of the plaintiff's employers agreed that a representative of the owner had been on the premises after the renovations but neither could say whether he had been in the room where the fixture fell. There is no direct evidence of retained control over the premises by the lessor, but since it did not retain the right of repair except in the event of default, a surrender of possession may be inferred. The cases cited by plaintiffs concerning a lessor's liability to third parties all involved contracts in which the right of repair was expressly reserved to the lessor. In any event, the lessor's retention of the right to enter, inspect and repair is not inconsistent with a full surrender of possession to the lessee. See *Leonard v. Fulton Nat. Bank,* 86 Ga. App. 635 (72 SE2d 93). The same is true of the requirement that the lessee submit to the lessor plans for any improvements he wishes to make. Where the lessee has exclusive control of the premises, the lessor has no duty to inspect or any liability for defective construction or installation not made under his direction. *Scarboro Enterprises v. Hirsh,* 119 Ga. App. 866 (169 SE2d 182); *National Distributing Co. v. Ga. Industrial Realty Co.,* 106 Ga. App. 475 (127 SE2d 303); *Dobbs v. Noble,* 55 Ga. App. 201 (189 SE 694). If there exists no absolute affirmative duty to inspect for any and all latent defects prior to leasing premises (*Spires v. Fitzsimmons,* 106 Ga. App. 22 (126 SE2d 244)) then there surely is no such duty after turning over possession. We believe the trial court erred in denying this defendant's motion for judgment n.o.v.

Plaintiffs raise the point that since the trial court never formally ruled on this defendant's motion for directed verdict (which was made twice and deferred by the court) it is precluded from even bringing a motion for judgment

n.o.v. We believe this is being overly technical. The court told counsel it would review some law in the afternoon before it made a decision on the motion. The record is silent on whether the court ever ruled. Nevertheless, by allowing the case to go to the jury, accepting its verdict, and entering judgment, the court tacitly denied the motion. For the analogous situation of overruling an objection by inaction, see *Lynn v. State,* 140 Ga. 387 (8) (79 SE 29); *Heinz v. Backus,* 34 Ga. App. 203 (2, 6) (128 SE 915).

2. Both the employer and the contractor raise the issue of the sufficiency of the evidence, each contending that if one were found negligent, the other could not be held liable. The evidence as presented would have authorized the jury to find that each was in fact negligent and that their respective acts were contributing causes to the injury.

3. Both these defendants also contend that certain of the court's remarks to the jury were coercive. Not only were the remarks within the court's province to urge the jury to make an effort to agree on a verdict, but neither of these defendants objected at the time or asked for a mistrial. See *Yancy v. State,* 173 Ga. 685 (160 SE 867); *Palmer v. Stevens,* 115 Ga. App. 398 (5) (154 SE2d 803).

4. Special grounds 1 and 2 of the contractor's motion for new trial were not raised at the time of trial for the court's consideration and ruling. They will therefore not be considered for the first time here. *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203); *Palmer v. Stevens,* supra (8).

5. The employers contend the court erred in charging *Code Ann.* § 54-123 (b) (Employer's duty as to safety), because the evidence did not show they had the minimum number of employees to come under the statute. However, in making objection to the charge, their counsel merely stated that they did not come within the purview of the statute. When the court asked, "and you're saying that this is not applicable to an employer and employee?"

counsel simply answered, "I say it doesn't apply to the defendants Smith in this case." We believe this objection was not as reasonably definite as the circumstances permitted. We presume counsel knew at the time he objected why the statute did not apply, and if he had deigned to inform the court, it would undoubtedly have withdrawn the charge. Nevertheless, there was no harm done since the standard of care set out in the statute is very nearly the same as that prescribed by common law for master and servant.

It should be emphasized that the Appellate Practice Act of 1965 specifically provides that the "objection need not be made with the particularity of assignments of error (abolished by this law) and need only be as reasonably definite as the circumstances will permit." *Code Ann.* § 70-207 (a). If heretofore we have failed to follow the mandate of the General Assembly, our rulings must yield to the statute. *Smith v. Nelson,* 123 Ga. App. 712, 722 (182 SE2d 332). The statute seeks to eliminate the sporting aspect of objecting to the charge. It will not allow an attorney to gamble, i.e., to refuse to object to a possibly erroneous charge, hoping for a favorable verdict; but then to rely upon the error to obtain a new trial if the verdict is unfavorable. On the other hand, the statute does not demand a formalistic, technically perfect objection. The only requirement is that the grounds of the objection be stated distinctly enough for a "reasonable" trial judge to understand its nature, enabling him to rule intelligently on the specific point. In other words, it is merely a rule of common sense.

6. The employers contend the court gave two other conflicting charges on standard of care—one of which requires the exercise of "ordinary care in keeping the premises and approaches safe" and the other requiring "ordinary care in maintaining the premises and keeping them reasonably safe." They contend that the former charge pertains to owners or occupiers vis a vis their invitees so it is inapplicable to a master-servant relationship; that it

imposes a higher burden than an employer has under the law; and that the jury would have been confused by the conflicting charges into believing the employers were insurers of the safety of their employees.

However, the objection made below was simply that since plaintiff was an employee, not an invitee, they "would object to the court giving that charge without at the time also pointing out to the court that it would not apply to the defendants Smith." Giving the slightly ambiguous objection its most favorable construction, it would appear the employers wanted the court to bring back the jury and explain that the standard of care contained in this charge should not be applied to them. Assuming without deciding that the court erred in failing to do so, we do not believe it was harmful. The standard of care of an owner to an invitee is the same as that of a master to a servant. *Elrod v. Ogles,* 78 Ga. App. 376 (50 SE2d 791); *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903 (81 SE2d 721).

That part of the enumeration which contends this charge conflicted with another, confusing the jury to the point it would have believed the employers were insurers, is without merit. This was not the basis of the objection made below. See Division 5 above; *Bryant v. Chasteen,* 121 Ga. App. 446 (174 SE2d 192); *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (184 SE2d 48).

7. The employers also enumerate as error the charge: ". . . if an injured party has sustained loss of earning capacity, that is one element of pain and suffering that may be considered." They contend this injects a claim for loss of earnings when no such claim was made. The contention is without merit. The court is clearly talking about lost *capacity* as an *element* of pain and suffering. This was a proper charge under the law and evidence. *Central of Ga. R. Co. v. Morgan,* 145 Ga. 656 (2) (89 SE 760); *Hunt v. Williams,* 104 Ga. App. 442 (5) (122 SE2d 149).

*Judgment reversed in case No. 46419; affirmed in Nos. 46417 and 46418. Jordan, P. J., and Eberhardt, J., con-*

*cur. Whitman, J., not participating because of illness.*
ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 28, 1971—
REHEARING DENIED NOVEMBER 19, 1971—

*Cowart, Sapp & Gale, G. B. Cowart, Robert A. Sapp,* for
Horton.
*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for
Smith.
*Neely, Freeman & Hawkins, J. Bruce Welch, William Cetti,* for Greyhound.
*J. S. Hutto, Eugene Highsmith,* for Ammons.