56143. PITTMAN et al. v. PEEBLES et al.

BELL, Chief Judge.
This case is a boundary line dispute between adjoining landowners. A jury found the true line to be a line as shown on a plat prepared by the county surveyor. The trial court entered a judgment on this verdict and the defendants have appealed. *Held:*

1. Two of the enumerations of error concern the trial

court's rulings which allow two of the witnesses for plaintiffs to testify concerning conversations these witnesses had with two deceased persons. This evidence was objected to on the grounds of hearsay. The admission of this evidence if it was erroneous, which we do not decide, has not been shown to have been harmful error.

2. The defendants took no exception to the court's charge to the jury on the declarations of deceased persons. They now complain on appeal that this charge as given was erroneous. In the absence of a proper objection we will not review this claim of error. Code Ann. § 70-207; *Palmer v. Stevens,* 115 Ga. App. 398 (17) (154 SE2d 803).

3. The defendants argue that the jury was forced or coerced to arrive at a verdict by the trial court. There was no error. The jury after deliberating for several hours did not reach a verdict. The transcript shows that the trial court then *urged* but did not coerce the jurors to arrive at a verdict. Secondly, none of the remarks made by the court to the jury in this connection were objected to nor was a motion for mistrial made. See *Horton v. Ammons,* 125 Ga. App. 69 (186 SE2d 469).

4. After the jury returned with a verdict and just immediately prior to reading it, the trial court stated that the record should reflect that "we did lose one juror" due to the illness of the juror's child but that the parties had consented to try the case with only eleven jurors. No exception was made to this statement. Now the defendants state that this was an incorrect statement. The trial judge's statement is presumed to be correct in the absence of proof to the contrary. *Kight v. Gilliard,* 215 Ga. 152 (109 SE2d 599). Section 47 (a) of the Civil Practice Act provides: "The parties may by written stipulation, filed of record, stipulate that the jury shall consist of any number less than that fixed by the statute." Code Ann. § 81A-147 (a). The fact that stipulation was oral and not written has no effect as this provision of the Civil Practice Act may be waived. It is expressly stated in Code § 102-106 that ". . . a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest."

5. The trial of this case took five days and resulted in a transcript of nearly 800 pages. The defendants state

that the boundary line found by the jury was not supported by any evidence. We have reviewed the transcript and found sufficient evidence to authorize this verdict. We find meritless the defendant's contention that the plat on which this verdict was based lacked a reference point; and that the jurors, rather than finding an established line, found a new line.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JUNE 26, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 14, 1978 —

*Paul W. Calhoun, Jr.,* for appellants.
*M. O. Strickland,* for appellees.