57366. LUEDTKE v. NATIONAL STOR-ALL, INC.

SHULMAN, Judge.
Plaintiff brought suit against defendant-corporation alleging that defendant, in breach of contract, sold certain items of plaintiff's personal property stored in defendant's warehouse. The trial court granted summary judgment for the defendant. On appeal, we reverse.

1. On a motion for summary judgment, the burden is on the movant to establish that no genuine issue of material fact exists. Once the movant has done so, that is, once he has pierced the complainant's pleadings, the burden is on the respondent to submit proof or suffer judgment against him. *Childs v. Lee,* 224 Ga. 609 (163 SE2d 726). Defendant contends that once it had been established by affidavit that no written contract existed, it was incumbent upon plaintiff to produce evidence of a contract. Defendant asserts that plaintiff cannot rest upon the mere allegations of his pleadings to preclude the grant of summary judgment. As defendant has not pierced plaintiff's pleadings, we must disagree with its contentions. See, e.g., *Vitiaz v. Chrysler Credit Corp.,* 135 Ga. App. 606 (3b) (218 SE2d 313).

Plaintiff has set forth specific facts showing that there is a genuine issue of fact by asserting the existence, through answers to interrogatories, of a canceled check in his possession, allegedly written to defendant as payment for defendant's rental space. As the issue of the existence of an oral contract between the parties remains

for jury determination, defendant was not entitled to judgment as a matter of law. *Scott v. Ryder Truck Lines, Inc.,* 120 Ga. App. 819 (172 SE2d 365).

2. Contrary to appellee's assertions, it was not necessary for the plaintiff to introduce the alleged canceled check into evidence in order to preclude a grant of summary judgment. Code Ann. § 81A-156 (c) provides that a summary judgment shall be entered, if ". . . the pleadings, depositions, *answers to interrogatories,* and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." (Emphasis supplied.) "Nowhere in the statute is there any requirement that these items be introduced into evidence. [Indeed, in view of] the harsh nature of the remedy involved, a trial judge should always search the entire record before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing." *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904), overruled on other grounds *Ogden Equip. Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459).

As plaintiff's answers to defendant's interrogatories raise a genuine issue of fact which defendant did not dispose of as a matter of law, by affidavit or otherwise, the grant of summary judgment was error.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 7, 1979 — DECIDED MAY 23, 1979.

*R. Avon Buice,* for appellant.
*Lovett, Ledbetter & Millkey Associates, John C. Lovett,* for appellee.