### 57958. FORD et al. v. GEORGIA POWER COMPANY et al.

SHULMAN, Judge.

Appellants' son, age 15, was killed by electrocution when, while climbing a tree located on the premises of the apartment complex where appellant/mother and the deceased child resided, he came in contact with appellee-Georgia Power's high voltage transmission lines. This appeal follows the grant of summary judgment in favor of Georgia Power Company. We affirm.

1. The trial court properly held that the case against appellee-Georgia Power is controlled adversely to appellants by *Rogers v. Ga. Power Co.*, 118 Ga. App. 527 (164 SE2d 268); *Bridges v. Ga. Power Co.*, 39 Ga. App. 400 (147 SE 589); *Smith v. Ga. Power Co.*, 43 Ga. App. 210 (158 SE 371). Simply stated, the evidence presented on summary judgment showed no actionable negligence on the part of Georgia Power. See generally *Morris v. Rounsaville*, 132 Ga. 462 (64 SE 473).

2. Appellants filed a timely motion to strike the affidavit of one Danny Lee Moore. The motion sought to exclude the affidavit on the ground that the affidavit referred to the National Electric Safety Code without complying with Code Ann. § 81A-156(e) (requiring sworn

or certified copies of all papers or parts thereof referred to in an affidavit to be attached to the affidavit) and also on the ground that the affidavit contained inadmissible conclusions. Appellants submit that the court erred in failing to sustain or even rule on the motion. This is not well taken.

A. We uncategorically reject appellee's assertion that there is no authorization for a motion to strike an affidavit submitted on summary judgment and that, as such, the court properly refused to consider appellants' motion. Such a motion will lie if properly and timely made. *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (3) (237 SE2d 622).

B. It is apparent from recitation in the order of the trial court granting the motion for summary judgment that the court tacitly overruled appellants' motion to strike. See, e.g., *Horton v. Ammons,* 125 Ga. App. 69 (1), 71 (186 SE2d 469), affd. 228 Ga. 855 (188 SE2d 866). We cannot agree that the court erred in failing to strike the whole affidavit. "[T]he trial judge may consider such affidavits, and he is bound by the uncontradicted evidentiary matter in such affidavits, irrespective of the opinions, ultimate facts, and conclusion of law stated therein." *Harvey v. C. W. Matthews Contracting Co.,* 114 Ga. App. 866 (1) (152 SE2d 809).

The factual averments in the affidavit that the transmission line was strung at a height of 28 ft., 5 in., were admissible and were not subject to appellants' motion. As to the relationship between the height of the wire and the foreseeability of possible injury giving rise to actionable negligence, see *Ga. Power Co. v. Williams,* 132 Ga. App. 874 (3) (209 SE2d 648).

C. Although the affidavit to which appellants objected referred to the National Electric Safety Code, a sworn or certified copy of the Code was not attached thereto. Therefore, the references in the affidavit to the National Electric Safety Code were inadmissible and should not have been considered. See, e.g., *Hembree v. Cotton States Mut. Ins. Co.,* 132 Ga. App. 556 (208 SE2d 568). The trial court's consideration of this inadmissible evidence, however, could not have constituted reversible error. When this evidence is excluded, summary

judgment is still demanded in favor of Georgia Power. See Division 1 of this opinion.

3. The trial court properly considered appellants' answers to interrogatories in passing on the motion for summary judgment, even though such answers were not introduced into evidence. Introduction of evidence is not a necessary condition for consideration of such evidence on summary judgment. *Benefield v. Malone,* 110 Ga. App. 607 (3) (139 SE2d 500); *Luedtke v. Nat. Stor-All,* 150 Ga. App. 93 (2) (256 SE2d 672).

*Judgment affirmed. Deen, C. J., concurs. Carley, J., concurs specially.*

ARGUED MAY 29, 1979 — DECIDED OCTOBER 16, 1979 —

*Neil L. Heimanson,* for appellants.

*Robert L. Pennington, Fred E. Link, Morton P. Levine,* for appellees.

CARLEY, Judge, concurring specially.

I reluctantly concur in the judgment of the majority because I must concede that the decisions cited in Division 1 mandate the affirmance of the trial court's grant of summary judgment to the defendant. In my opinion, however, it is unfortunate that where the trial court's order shows reliance upon the National Electric Safety Code and such reliance is incorrect because of application of established evidentiary principles, the error thus existing neither authorizes nor supports reversal. I regret that our case law is such that when a body is broken or a life is extinguished under circumstances normally judged by all of the usual principles of tort law, such principles are inapplicable simply because this type of fact situation automatically receives a judicially approved label of "no actionable negligence." A case by case analysis would be more logical and more prudent because it would be just and equitable.