## 36358. JORDAN v. JORDAN et al.

JORDAN, Presiding Justice.

Appellant Joseph H. Jordan brought suit against his brother, sisters and step-mother seeking to have title to his deceased father's farm declared to be in his name. After a hearing, the trial court denied appellant a temporary injunction, granted appellees' motion for summary judgment, and denied appellant's motion for summary judgment.

Appellant claims that he and his father had entered into an agreement whereby appellant would tend the farm and take care of his father and step-mother. After their father's death, all the children agreed to file for a "no administration necessary." Appellant signed a document stating that he agreed that no administration of his father's estate was necessary. Thereafter, all parties agreed that the step-mother would convey her interest in the farm to all the children and that they would deed a life estate in the property back to her. The deed conveying the life estate was signed by all the children including appellant. After living and working on the farm with his step-mother for some years, appellant learned that his step-mother planned to rent the farm to a third person. He then brought this action.

Appellant admits that he signed these documents but asserts that he did so with the understanding that the farm was to be his conditioned only by the agreement that he look after his step-mother. Upon an adverse ruling by the trial court, appellant brings this appeal enumerating three errors. We affirm.

1. Appellant complains that the trial court erroneously admitted and considered the affidavit of one of the appellees. The affidavit referred to the two deeds among the parties and to the agreement concerning the petition for "no administration necessary," but certified copies of these documents were not attached to the affidavit as required by Code Ann. § 81A-156 (e).

Appellees argue that the deeds and agreement were already in evidence by virtue of having been attached to appellant's motion for summary judgment, and the documents were later duly tendered and admitted into evidence at the hearing by the appellees. We agree with the appellees that their failure to attach the documents to an affidavit offered both in rebuttal of appellant's motion for summary judgment and in support of their own motion did not constitute reversible error in this case as the trial court had the documents properly before it in at least two other instances. As to a situation where the failure to attach to an affidavit a document referred to in the affidavit did not constitute reversible error, see *Ford v. Ga. Power Co.,* 151 Ga. App. 748 (261 SE2d 474) (1979).

2. Appellant asserts that genuine issues of fact remain in this case which should be tried by a jury. He argues in support of this enumeration of error that his allegation of an agreement between him and his father, of which he maintains his siblings were aware, that the farm would be his remains uncontroverted by the appellees. However, appellees admitted into evidence the deed from the step-mother conveying the farm to all of the children which recites that the conveyance was made by agreement of all the parties. They produced the deed conveying a life estate back to the step-mother signed by, among others, appellant, and they produced the agreement, signed by appellant, that no administration of his father's estate was necessary. We agree with the appellees that appellant is estopped from asserting any prior agreement which he himself abrogated by voluntarily joining his family in the various agreements referred to in this opinion. See *Saturday v. Saturday,* 224 Ga. 236 (161 SE2d 509) (1968).

3. The final enumeration of error, that summary judgment should be granted against the step-mother declaring that she has no interest in the property since the deed conveying her a life estate was recorded before the deed from her conveying all her interest in the property to the children, she therefore having only a life estate interest to convey, is without merit. Both deeds recite that they are being executed according to an agreement among the parties concerning the "no administration necessary." Appellant was a party to both these deeds and a party to the agreement referred to in them. The intention of the parties is clear. "Nothing in this Chapter [concerning the recording of deeds] shall be construed to affect the validity or force of any deed, or mortgage, or judgment, or other lien of any kind, *as between the parties thereto.*" Code Ann. § 67-2503 (emphasis supplied). See also Code Ann. § 67-2501 on the issue of notice.

*Judgment affirmed. All the Justices concur.*

Submitted June 13, 1980 — Decided September 4, 1980 — Rehearing denied September 23, 1980.

*A. W. Wells, Jr.,* for appellant.
*Francis Houston,* for appellees.