## A01A0627. HARPER v. COPELCO CAPITAL, INC.
### (548 SE2d 53)

PHIPPS, Judge.

Copelco Capital, Inc. leased medical equipment to Men's Focus Health Centers of Georgia, Inc. Dr. William Harper guaranteed rental payments under an amendment to the lease executed contemporaneously with the lease (the first amendment).

Copelco sued Men's Focus and Harper for breach of their payment obligations. After obtaining a default judgment against Men's Focus, Copelco moved for summary judgment against Harper. Harper opposed Copelco's motion, on the ground that he had been released from his guaranty under an amendment to the lease entered into after the lease was executed (the second amendment). As proof, he submitted a photostatic copy of the second amendment.

Copelco responded by pointing to portions of Harper's deposition in which he had testified that he did not specifically remember signing any of the lease documents and could not account for the original. The trial court refused to consider the photostatic copy based on lack of authentication and granted Copelco's motion for summary judgment.

On appeal from a grant of summary judgment, we conduct a de

novo review of the record.[1] Because our de novo review reveals deposition testimony in which Harper provided his explanation of the circumstances surrounding execution of both amendments to the lease, made a showing of how he had obtained the copy of the second amendment, and gave a reason for his inability to produce the original, we reverse the grant of summary judgment to Copelco. The real issue in this case concerns the credibility of Harper's evidence, and that is a matter for jury determination.

The 36-month lease is dated October 31, 1996. It bears signatures of Harper as the representative of Men's Focus (and as guarantor of the lease) and of Donald Flassing as Copelco's representative. The first amendment to the lease is also dated October 31, 1996. On both the lease and first amendment, Harper's signature is dated October 31, 1996, and Flassing's is dated November 25, 1996. The parties agree that in this amendment, Harper gave a $50,000 personal guaranty to continue in effect throughout the term of the lease. Copelco's complaint charged Men's Focus and Harper with defaulting in monthly rental payments beginning with the payment due in the twenty-fourth month of the lease.

Under the second amendment to the lease, Harper's $50,000 personal guaranty terminated after the first 12 months of the lease. The second amendment bears signatures of Harper and Flassing which match the signatures on the earlier lease documents. Flassing's signature is dated November 25, 1996, and Harper's is dated December 7, 1996. By affidavit, a Copelco employee testified that the only amendment to the lease prepared and authorized by Copelco was the first amendment.

In parts of his deposition, Harper acknowledged that he did not recall details surrounding his execution of any of the lease documents or actually signing any of the lease documents.[2] But he testified that he had refused to go forward with the transaction unless limitations were imposed on his personal liability in accordance with discussions of the parties, that the limitation contained in the first amendment was "the first shot back at it but to me that was not specific enough," and that the parties later agreed to the terms set forth in the second amendment. Harper averred that he obtained the photostatic copy of the second amendment from Men's Focus after this suit was brought and that he did not have the original because all of

---

[1] *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998).

[2] At oral argument in this case, Harper's attorney pointed out another part of Harper's deposition in which he later testified that he signed the second amendment. Because Harper has thus given self-contradictory testimony without providing an adequate explanation, that portion of his testimony favorable to him must be eliminated. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28-30 (1), (2) (343 SE2d 680) (1986).

the original lease documents were in Copelco's possession. Copelco acknowledges that its practice is to retain the original of all lease agreements and amendments.

1. (a) Copelco maintains that the photostatic copy Harper claims to be the second lease amendment is in fact a spurious document created by photocopying parts of the original while substituting other portions. In support of this claim, Copelco asserts that a comparison of the purported second amendment with the first amendment shows that the two documents were faxed at the same time, on the same date, and to the same telephone number. Our review of the documents in the record does not, however, substantiate this assertion.

(b) Relying on *Durben v. American Materials*,[3] Copelco argues that Harper failed to authenticate the purported second lease amendment. *Durben* holds that pleadings from other cases must be certified to be admissible in evidence and that, until the foundation required by Georgia statute has been laid, documents purporting to be business records are inadmissible hearsay.[4] Copelco's reliance on *Durben* is misplaced. Georgia law does not require any particular foundation to be laid before contracts become admissible in evidence, and there are no certification requirements pertaining to contracts.

(c) The trial court in effect determined that the photostatic copy submitted by Harper is inadmissible under the best evidence rule and that there is inadequate proof of execution.

Although proof of execution of a writing is necessary, this may be done by circumstantial evidence.[5] The best evidence rule generally requires production of the original of a writing, as primary evidence, rather than a photostatic copy, as secondary evidence, unless the original is shown to be unavailable for some reason other than the serious fault of the proponent.[6] Stated another way, secondary evidence may not be admitted unless "it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party."[7] Although the questions of inaccessibility of primary evidence and diligence of the party are determinations within the dis-

---

[3] 232 Ga. App. 750 (503 SE2d 618) (1998).

[4] Id. at 752 (1).

[5] See *Hall v. Simmons*, 50 Ga. App. 634 (179 SE 272) (1935); see generally *Davis v. First Healthcare Corp.*, 234 Ga. App. 744, 746 (1) (507 SE2d 563) (1998).

[6] See *Bellamy v. State*, 243 Ga. App. 575, 580 (3) (530 SE2d 243) (2000); *All Risk Ins. Agency v. Southern Bell Tel. &c. Co.*, 182 Ga. App. 190, 193-194 (5) (355 SE2d 465) (1987). OCGA § 24-5-26 authorizes admission of a photostatic copy of a writing without accounting for the original if the photostatic copy is made in the regular course of business to preserve the writing. In a supplemental brief filed after oral argument, Harper has invoked OCGA § 24-5-26. His reliance on this Code section is unavailing. It has not been shown by the record that Copelco would have made a photostatic copy of the second lease amendment in the regular course of its business.

[7] OCGA § 24-5-2.

cretion of the trial court, it is not the function of the court to determine the worthiness or credibility of the secondary evidence.[8]

It is undisputed that the photostatic copy of the document Harper claims to be the second lease amendment bears signatures which match those of the parties who signed the lease and first amendment. There are no telltale signs showing the photostatic copy to be a fabricated document. Through his deposition testimony, Harper has provided circumstantial evidence through which a jury could find that the parties in fact executed the second amendment to the lease. In addition, Harper has satisfactorily explained his inability to produce an original. The credit to be given to his testimony and to the document he has tendered are material issues of fact for a jury to determine.[9]

2. There is no merit in Copelco's argument that Harper's failure to include a transcript of the summary judgment hearing precludes our review of the issues presented in this appeal.

As no evidence was presented at the hearing, and because there is no dispute concerning the basis of the trial court's ruling and the legal positions advanced by the parties,[10] the absence of the transcript does not hamper appellate review of the trial court's decision.

3. There is no merit in Copelco's argument that the document Harper claims to be the second lease amendment is not part of the record. It is in the record as an exhibit to Harper's deposition.[11] As there has been no trial, it was not necessary that it be tendered into evidence.[12]

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED APRIL 19, 2001 —
RECONSIDERATION DENIED MAY 2, 2001 

*Walker, Hulbert, Gray, Byrd & Christy, Charles W. Byrd*, for appellant.

*Conoscienti, Storm & Kendall, Timothy W. Storm, Lisa A. Frank*, for appellee.

---

[8] *Mulkey v. State*, 155 Ga. App. 304, 307 (270 SE2d 816) (1980).

[9] See *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 534-535 (2) (478 SE2d 601) (1996).

[10] Compare *Barber v. H & H Muller Enterprises*, 197 Ga. App. 126, 129 (1) (397 SE2d 563) (1990).

[11] *Everett v. Norfolk Southern R. Co.*, 218 Ga. App. 862, 863, n. 1 (464 SE2d 385) (1995).

[12] *Luedtke v. Nat. Stor-All*, 150 Ga. App. 93, 94 (2) (256 SE2d 672) (1979).